ITSKIN, APPELLEE, *v.* RESTAURANT FOOD SUPPLY COMPANY ET AL., APPELLEES; BENNETT, APPELLANT.

(No. 82AP-449—Decided December 9, 1982.)

*Zacks, Luper & Wolinetz Co., L.P.A.,* and *Mr. Frederick M. Luper,* for appellee Itskin.

*Mr. Michael M. Haran* and *Mr. James P. Flood,* for appellees Restaurant Food Supply Co. et al.

*Messrs. Gayton, Walter & Tilton, Mr. Charles W. Gayton* and *Mr. James E. Lane,* for appellant Bennett.

WHITESIDE, P.J. Third-party defendant Timothy A. Bennett appeals from

128

a judgment of the Franklin County Court of Common Pleas and raises five assignments of error, as follows:

"1. The trial court erred in awarding to the third-party plaintiffs their costs involved in proving the reasonableness of the settlement of $85,000.00 with Scott Itskin because the court must find not only that the party requesting the admission proved the truth of the matter, but also that there was no good reason for the failure to admit said admission or that the admission sought was of no substantial importance.

"2. The trial court erred in awarding to the third-party plaintiffs their costs involved in proving the reasonableness of the settlement of $85,000.00 with Scott Itskin because a party is entitled to contest disputed issues of fact.

"3. The trial court erred in awarding to the third-party plaintiffs their costs involved in proving the reasonableness of the settlement of $85,000.00 with Scott Itskin because the third-party plaintiffs never requested the third-party defendant to admit the extent of Scott Itskin's injuries, disability, medical expenses, loss of wages and those elements of general and special damages that reflect upon the reasonableness of the settlement.

"4. The trial court erred in awarding to the third-party plaintiffs their costs involved in proving the reasonableness of the settlement of $85,000.00 with Scott Itskin because the third-party plaintiffs did not submit for admission by third-party defendant the medical records of Scott Itskin's doctors, which would have negated any need to incur expert medical testimony to prove reasonableness of the settlement.

"5. The trial court erred in awarding to the third-party plaintiffs their costs involved in proving the reasonableness of the settlement of $85,000.00 with Scott Itskin because the costs awarded would have been unnecessary if third-party plaintiffs had properly framed requests for admissions limiting them to admissible facts."

The issues involved in this appeal arise from the third-party complaint of third-party plaintiffs, whereby they sought contribution from third-party defendant Timothy Bennett with respect to plaintiff's personal injury claim, which eventually was settled for $85,000. No issue is raised as to that portion of the judgment ordering contribution to the extent of $12,500 by third-party defendant Timothy Bennett and ordering judgment accordingly. Rather, this appeal arises from an order of the trial court pursuant to Civ. R. 37(C) assessing costs incurred by third-party plaintiffs in proving the reasonableness of the $85,000 settlement with plaintiff.

During the course of the proceedings upon the third-party complaint, third-party plaintiffs filed a request for admissions requesting third-party defendant to make certain admissions, requested admission 1(D) being: "That the sum of $85,000 that was paid in the settlement referred to in 1A above was a reasonable sum." Third-party defendant responded to this request for admission with the following answer:

"Neither admit nor deny because the value can be determined only by a jury or court in a fact-finding capacity. Further, 'reasonable' is too ambiguous to respond to (e.g., reasonable from whose viewpoint?)."

The expenses in question were awarded pursuant to Civ. R. 37(C), which provides that:

"If a party, after being served with a request for admission under Rule 36, fails to admit * * * the truth of any matter as requested, and if the party requesting the admissions thereafter proves * * * the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. Unless the request had been held objectionable under

Rule 36(A) or the court finds that there was good reason for the failure to admit or that the admission sought was of no substantial importance, the order shall be made."

Accordingly, pursuant to Civ. R. 37(C), a party proving matter which the adverse party has failed to admit, although requested to do so under Civ. R. 36, is entitled to the expenses incurred in proving the matter, including reasonable attorney fees, unless the adverse party demonstrates either that: (1) the request for admissions was objectionable under Civ. R. 36(A); (2) there was a good reason for the failure to admit; or (3) the matter was of no substantial importance. The import of Civ. R. 37(C) is that the party forced to prove a matter is entitled to expenses incurred in such proof unless there be a valid reason for the adverse party's having forced such proof.

The determination of whether to award expenses and the amount thereof, pursuant to Civ. R. 37(C), necessarily involves a matter of discretion and, thus, is a matter lying within the sound discretion of the trial court. Whatever that court's determination, the party complaining must demonstrate that the trial court abused its discretion in order for a reviewing court to reach a different conclusion.

Here, no abuse of discretion has been demonstrated. The matter was of substantial importance since the reasonableness of the settlement had a definite bearing upon third-party plaintiffs' right of recovery and the amount thereof. No ground for objection pursuant to Civ. R. 36(A) has been urged. The only possible basis for reaching a different conclusion than that reached by the trial court is that there was a good reason for failing to admit.

Third-party defendant's response to the request for admissions gives little insight as to any good reason for failure to admit. Civ. R. 36 (A) requires that: "* * * The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. * * *" Since an ultimate factual issue always is necessarily determined by the trier of the facts, the response given here did not comply with Civ. R. 36 (A) sufficiently to avoid the consequences of Civ. R. 37 (C). This is exemplified by the further provision of Civ. R. 36 (A) that: "* * * A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; he may, subject to the provisions of Rule 37 (C), deny the matter or set forth reasons why he cannot admit or deny it." Here, third-party defendant neither denied the request nor set forth reasons why he could not admit or deny it; instead, he merely indicated that he felt it to be an issue for trial, unless the second sentence of the response is given a liberal construction so as to constitute such a reason.

However, even in that sentence, third-party defendant did not deny the reasonableness of the settlement but, instead, merely indicated an ambiguity, asking a question as to the standpoint from which reasonableness should be established. A proper response, however, would have denied reasonableness and set forth reasons why the settlement was unreasonable from the standpoint which third-party defendant contended should apply.

The issue whether the action of a person is reasonable is a question of fact, or a mixed question of law and fact, so long as reasonable minds could differ as to the result and depends upon the surrounding circumstances and inferences that may be derived from the facts in evidence. See *Kroll* v. *Close* (1910), 82 Ohio St. 190, and *Bassenhorst* v. *Wilby* (1887), 45 Ohio St. 333. Thus, it was appropriate to request third-party defendant to admit the reasonableness of the settlement, and the response should have constituted either an admission or a denial setting forth

reasons why the settlement was not reasonable.

Turning more specifically to the assignments of error, the first assignment of error is not well-taken for the reason that it sets forth the wrong standard. As we have indicated, the party requesting the admission is entitled to expenses upon proving the truth of the matter, unless the adverse party who failed to admit demonstrates a basis for denying expenses. Thus, the burden was upon third-party defendant to demonstrate that there was a good reason for the failure to admit, not upon third-party plaintiffs to prove the absence of any good reason for such failure or that the admission sought was of no substantial importance.

Likewise, the second assignment of error is not well-taken. While it sets forth a correct statement of law that a party is entitled to contest disputed issues of fact, Civ. R. 36 (A) and 37 (C) together indicate that, unless there is a good reason to dispute the facts, the party failing to admit must bear the expense of proving the facts.

The gist of the third assignment of error is that the request for admission was too general and should have set forth requests for admission of particular factual evidence which would be involved in proving the reasonableness of the settlement. As we have indicated above, the issue of reasonableness of the settlement constitutes an issue of fact or a mixed issue of law and fact, which was the proper subject of a request for admission. Were there some aspect of the proof necessarily involved in proving such reasonableness that third-party defendant wished to deny, or which he considered rendered the settlement unreasonable, he should have set forth same in his response.

Although not mentioned in connection with the request for admission, but brought out at trial, an earlier settlement offer of only $50,000 was received from plaintiff and rejected by third-party plaintiffs. Under many circumstances, the refusal of settlement for a lower amount would render a subsequent settlement for a higher amount unreasonable. Here, however, there was evidence that circumstances changed between the lower offer and the eventual settlement, the demand having been increased to $150,000 in the interim. Even assuming that the trial court could have within its discretion found the discrepancy in the initial demand and the eventual settlement to constitute good reason to deny the reasonableness of the eventual settlement under the circumstances, we find no abuse of discretion of the trial court under the circumstances of this case. The third assignment of error is not well-taken.

The fourth and fifth assignments of error raise a similar issue to that involved in the third. The gist of these assignments of error appears to be that the request for an admission of reasonableness of the settlement was overbroad and that the request should have requested the admission of the underlying facts necessary to prove reasonableness. As we have indicated above, the issue of reasonableness is a question of fact or a mixed question of law and fact. A party may request the admission of the factual issue and is not required to separately request the admission of each item of evidence tending to prove the factual issue. While in some circumstances a trial court might, within its discretion, find there to be good reason not to admit a requested admission of the ultimate factual issue where there is uncertainty as to some of the evidence necessary to prove that issue, we find no abuse of discretion under the circumstances of this case. The fourth and fifth assignments of error are not well-taken.

For the foregoing reasons, all five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and MOYER, JJ., concur.