YOUSSEF et al., Appellants,

v.

JONES, Appellee.

[Cite as *Youssef v. Jones* (1991), 77 Ohio App.3d 500.]

Court of Appeals of Ohio,
Lucas County.

No. L–90–261.

Decided Sept. 30, 1991.

502

*David R. Pheils, Jr.,* for appellants.

*Marc J. Meister,* for appellee.

Handwork, Presiding Judge.

This case is on appeal from the May 1, 1990 judgment of the Lucas County Court of Common Pleas which granted a directed verdict in favor of appellee, Michael D. Jones, and the August 7, 1990 judgment of the Lucas County Court of Common Pleas which partially granted and partially denied the motion of appellants, Mohamad, Radia and Sana Youssef for costs and sanctions.

On appeal, the following assignments of error are asserted:

"I.   The trial court erred in granting defendant's motion for a directed verdict as to plaintiff Radia Youssef's claims for general damages beyond January 27, 1989 to date of trial.

"II.   The trial court erred in denying plaintiffs' motion for assessment of costs and sanctions.

"III.   The trial court erred in failing to set, notice and conduct a hearing on plaintiffs' motion for assessment of costs and sanctions for frivolous conduct as mandated by § 2323.51(B)(2), Ohio Revised Code, in violation of plaintiffs' right to due process."

This lawsuit arises out of an automobile accident involving the parties.  The Youssefs filed a complaint against Jones alleging that Jones was negligent.  Jones denied any negligence on his part and also filed a counterclaim against Mohamad Youssef alleging that Mohamad Youssef negligently caused the accident.  However, a few days prior to trial, Jones admitted liability and voluntarily dismissed his counterclaim against Mohamad Youssef.

The case proceeded to trial solely on the issue of damages. At trial, Radia Youssef testified that she continues to suffer from the injuries she sustained in the accident. However, she had not been treated by a physician since January 27, 1989. Her physician at the time of the accident testified that Radia Youssef suffered some injury from the accident but that it was not permanent and that Radia Youssef's recovery progress was average.

Following presentation of the plaintiff's case, Jones moved for a directed verdict arguing that the jury should not be allowed to award any general damages to Radia Youssef after January 27, 1989, because she did not prove any damage after that date. The trial court granted Jones's motion for a directed verdict on May 1, 1990. Radia Youssef has appealed from this judgment.

Thereafter, the Youssefs filed a motion requesting costs and sanctions. The Youssefs argued that the videotape and written transcripts of the depositions of their expert witnesses and a witness fee for a police officer who did not testify were ordinary costs. Youssefs also argued that the deposition of the expert witnesses and their attorney's time in preparing for trial were an unnecessary expense caused by Jones's refusal to admit that Radia and Sana Youssef were physically and mentally injured, that treatment was reasonably necessary, and that Mohamad Youssef was deprived of the affection, services and companionship of Sana. Appellants argued that these expenses were recoverable as a sanction under Civ.R. 37(C). Finally, the Youssefs argued that they should recover their costs and attorney fees because of Jones's frivolous conduct of denying his negligence, claiming that Mohamad was negligent, and asserting that the Youssefs had assumed the risk of injury. The Youssefs argued that they expended additional funds to defend against the defenses and the counterclaims of Jones. The Youssefs also rely on R.C. 2323.51(A)(2)(a) and (b) in support of their claims for costs and attorney fees arguing that Jones knew from the beginning that he had no facts or law upon which to base such claims or defenses.

On August 7, 1990, the trial court assessed $200 as costs against Jones to cover the recording and filing expenses with regard to the videotape depositions of the expert witnesses. The trial court found that Jones did not act with bad faith or frivolously in asserting his claims or defenses. Furthermore, the court concluded that Jones was the prevailing party and, therefore, that the assessment of costs against Jones was not warranted. The Youssefs appeal from this order as well.

■ In the first assignment of error, Radia contends that the trial court erred when it granted Jones's motion for a directed verdict and limited her

recovery of general damages to those occurring on or before January 27, 1989.

Civ.R. 50(A)(4) governs the basis upon which a trial court may grant a directed verdict. That section reads as follows:

" * * * When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

A motion for a directed verdict does not involve questions of fact, but only questions of law. *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 58 O.O.2d 424, 280 N.E.2d 896, paragraph three of the syllabus; and *Helmick v. Republic–Franklin Ins. Co.* (1988), 39 Ohio St.3d 71, 74, 529 N.E.2d 464, 467. Therefore, on appellate review, we must determine if the trial court erred as a matter of law in directing the verdict in favor of Jones with regard to Radia Youssef's claim for general damages after January 27, 1989.

Radia Youssef argues that she should be entitled to recover damages until the date of trial of her case, which was April 11, 1990. Radia Youssef also argues, without citing any case law, that she is entitled to have such damages considered by the trier of fact because her injuries are long term. Appellee argues that such damages are subjective and expert testimony was needed to prove them. In addition, appellee argues that these are future damages and that Radia Youssef must prove that these damages are reasonably certain to occur.

In her complaint, Radia Youssef did not seek future damages. In addition, at trial, Radia Youssef's expert testified that she was injured in the accident but that she sustained no permanent injury. Radia Youssef testified that after she was released from her physician's care, she continued to suffer from her injuries until the date of trial. She stated that she still felt numbness in her right arm and had to limit household tasks because of the numbness.

■ The trial court held that the trier of fact could not consider Radia Youssef's pain and suffering damages after January 27, 1989 (the date she was released from her physician's care). Thus, the issue is not whether the trier of fact could consider future damages as appellee argues. Instead, the issue is whether the trial court could limit a plaintiff's recovery for past pain and suffering. We find that there is no legal basis for limiting the jury's role to assess damages in a personal injury case where evidence of the damages was presented.

■ Appellee also argues that the appellant failed to meet her burden of proof regarding her pain and suffering damages because she failed to prove the damages by expert testimony. We find that this argument is also without merit. Since pain and suffering are subjective feelings, the injured person's testimony is the only direct proof of such damages. An expert can only support such evidence indirectly. Therefore, lay testimony is sufficient by itself to prove past pain and suffering damages. *Turner v. Barrett* (1980), 68 Ohio App.2d 80, 81, 22 O.O.3d 74, 75, 426 N.E.2d 1193, 1194; and *University Arms Apts. v. Omoyosi* (Apr. 17, 1986), Franklin App. No. 85AP–635, unreported, 1986 WL 4657.

Therefore, we conclude that the trial court erred as a matter of law when it directed a verdict in favor of appellee with regard to Radia Youssef's claim for general damages after January 27, 1989. Appellant's first assignment of error is found well taken.

■ In their second assignment of error, appellants argue that the trial court erred when it denied their motion for costs and sanctions. After the jury verdict and the directed verdict were entered in this case, appellants filed their motion for costs and sanctions. Appellants' motion set forth three expenses that they believed should have been paid by appellee:

(1) $499.70 in costs ($486.70 for the videotaping and transcription of the testimony of two expert witnesses and $13 as a witness fee for an officer who did not testify);

(2) $2,705.70 pursuant to Civ.R. 37(C) as expenses necessitated by appellee's refusal to admit that (a) the medical treatment provided by Radia and Sana Youssef was necessary to treat the injuries suffered in the automobile accident, (b) Radia and Sana Youssef suffered physical pain, mental pain, and anguish from the injuries they suffered, and (c) Mohamad Youssef had a consortium claim because of his wife's injuries. The $2,705.70 figure was comprised of the $486.70 videotape and transcription fee, $950 expert witness fees for these two experts, and $1,269 for their attorney's time to prove such issues; and

(3) $7,587 under R.C. 2323.51(A)(2)(a) and (b) for attorney fees due to appellee's frivolous conduct in asserting unfounded defenses that Mohamad Youssef was negligent, denying appellee's negligence, and asserting the defense of assumption of the risk.

With regard to the issue of costs, appellants argue that the trial court narrowly interpreted C.P.Sup.R. 12(D) and abused its discretion in failing to assess the videotape transcription costs against appellee.

Civ.R. 54(D) provides that unless a statute or rule provides otherwise, costs are to be paid by the losing party unless the court otherwise directs. The determination of what constitutes a cost is a matter of statutory law and not common law or the court's discretion. *In re Election of November 6, 1990 for Attorney General* (1991), 62 Ohio St.3d 1, 577 N.E.2d 343; *Benda v. Fana* (1967), 10 Ohio St.2d 259, 39 O.O.2d 410, 227 N.E.2d 197, paragraph one of the syllabus; *Gold v. Orr Felt Co.* (1985), 21 Ohio App.3d 214, 215–216, 21 OBR 228, 229–231, 487 N.E.2d 347, 348–349; and *Hammell v. Ted Papenhagen Oldsmobile, Inc.* (May 11, 1984), Lucas App. No. L–83–397, unreported, 1984 WL 7873.

C.P.Sup.R. 12(D) reads as follows:

"Costs.

"(1) *Videotape Depositions.*

"(a) The expense of videotape as a material shall be borne by the proponent.

"(b) The reasonable expense of recording testimony on videotape shall be costs in the action.

"(c) The expense of playing the videotape recording at trial shall be borne by the court.

"(d) The expense of playing the videotape recording for the purpose of ruling upon objections shall be borne by the court.

"(e) The expense of producing the edited version of the videotape recording shall be costs in the action, provided that the expense of the videotape, as a material, shall be borne by the proponent of the testimony.

"(f) The expense of a copy of the videotape recording and the expense of an audiotape recording of the videotape sound track shall be borne by the party requesting the copy.

"(2) *Videotape Trials.* Subsection (D)(1) applies to videotape trials."

The above rule does not indicate that the videotape transcription costs should be assessed as a cost of the suit. However, at least one court has interpreted similar superintendence rules as requiring that the videotape transcription be assessed as a cost if the trial court required the transcription to be made. *Perlin v. Ohio* (Sept. 11, 1979), Franklin App. No. 79AP–159, unreported.

In the case before us, there is no evidence in the record to support appellants' contention that the transcript was required by the court or appellee. Therefore, we find the trial court properly denied appellants' motion to assess such costs against appellee.

■ Appellants also sought to have the court assess as a cost the fee paid to a witness who did not testify. Appellants assert that they called this witness to address appellee's defenses and counterclaims and that appellants did not learn until the Friday before the Monday trial that appellee would admit his negligence and dismiss his counterclaim.

R.C. 2335.06 provides that a witness's fee in a civil case is taxable as a cost. The statute provides for payment of $12 for each full day's attendance and $6 for each half day's attendance.

In this case, the witness did not attend the trial. Since no payment was required by statute to be made to the witness, nothing can be assessed as a cost in this case.

■ Appellants next argue that the court erred by failing to assess costs to prove facts which appellants allege that appellee wrongfully refused to admit pursuant to Civ.R. 37(C).

Appellants requested that appellee admit to ten factual matters on August 11, 1989. On August 23, 1989, appellee admitted that the medical bills and receipts attached to the request were for services rendered to Radia and Sana Youssef on or after the date of the accident. However, appellee denied that such treatment was necessary to treat injuries sustained in the accident or that Radia or Sana Youssef suffered physical and mental pain or anguish because of their injuries since he had no proof that either Radia or Sana Youssef was injured in the accident. Furthermore, appellee denied that Sana Youssef suffered fear and anxiety for her unborn child because he was unaware of any proof that Sana Youssef suffered any such fear or anxiety.

Appellee argues that he had several good reasons for denying that medical treatment was sought because of injuries suffered in the accident. His good reasons asserted were that: (1) appellants were unable to prove this fact, (2) appellants had to prove the causal connection between the claimed injuries and the accident, (3) there were no time parameters set forth for such damages, (4) little discovery had been completed, (5) the emergency room record indicated that the treating physician was skeptical about Sana Youssef's claimed injury, (6) Sana Youssef's x-rays indicated no injury, (7) Radia Youssef did not complain about her injuries until two weeks after the accident, and (8) Radia Youssef's symptoms suggested she had a heart problem.

Civ.R. 36(A), which mirrors the federal rule, provides in pertinent part as follows:

"Request for admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request,

that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party.

"Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer, or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; he may, subject to the provisions of Rule 37(C), deny the matter or set forth reasons why he cannot admit or deny it."

As a sanction for failing to admit the genuineness of any document or the truth of any matter proven at trial, Civ.R. 37(C) provides as follows:

"Expenses on Failure to Admit. If a party, after being served with a request for admission under Rule 36, fails to admit the genuineness of any documents or the truth of any matter as requested, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. Unless the request had been held objectionable under Rule 36(A) or the court finds that there was good reason for the failure to admit or that the admission sought was of no substantial importance, the order shall be made."

■ Regarding requests for admissions, it is irrelevant that the matters requested to be admitted are central to the case or must be proven by the requesting party at trial. *Cleveland Trust Co. v. Willis* (1985), 20 Ohio St.3d 66, 20 OBR 364, 485 N.E.2d 1052; *City of Rome v. United States* (D.C.1978), 450 F.Supp. 378, 383, affirmed (1980), 446 U.S. 156, 100 S.Ct. 1548, 64 L.Ed.2d 119; *Morast v. Auble* (1974), 164 Mont. 100, 519 P.2d 157; *Natl. Bank of Georgia v. Merritt* (1973), 130 Ga.App. 85, 202 S.E.2d 193; and 8 Wright & Miller, Federal Practice & Procedure: Civil (1970) 707–710, Section 2254.

■ The function of Civ.R. 36(A) is to narrow the issues for trial to genuinely disputed issues. *St. Paul Fire & Marine Ins. Co. v. Battle* (1975), 44 Ohio App.2d 261, 269, 73 O.O.2d 291, 295, 337 N.E.2d 806, 813. Therefore, unless the responding party objects to the request, the request must be answered. When the responding party justifiably believes that the matter requested to be admitted is a disputable issue, the responding party's only option is to deny the matter on that basis. Even if the requesting party is then able to prove the matter requested to be admitted, the responding party should not be charged for the cost of proving that issue under Civ.R. 37(C) since his denial based on a belief that the matter was disputable was a good reason for not admitting the matter. See 8 Wright & Miller, *supra,* at 715–717, Section 2256. See, also, *Itskin v. Restaurant Food Supply Co.* (1982), 7 Ohio App.3d 127, 130, 7 OBR 161, 163, 454 N.E.2d 583, 587.

■ When a matter requested to be admitted is denied and later proven at trial, the trial court must order the responding party to pay the reasonable expenses incurred in proving the matter unless the court finds that: (1) the request was objectionable, (2) there was a good reason for the failure to admit, or (3) the matter was not substantially important. Civ.R. 37(C). The responding party bears the burden of proving that a good reason existed for failing to admit to the matter requested. *Itskin v. Restaurant Food Supply Co., supra,* at 130, 7 OBR at 163, 454 N.E.2d at 587. The determination of whether a good reason for failing to admit exists is left to the discretion of the trial court. *Id.* Therefore, on review, an appellate court may only reverse the trial court's finding as to this issue if it finds that the trial court abused its discretion. *Id.* at 129, 7 OBR at 162, 454 N.E.2d at 586. Abuse of discretion has been defined as more than an error of law. It reflects an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. *Ojalvo v. Bd. of Trustees of Ohio State Univ.* (1984), 12 Ohio St.3d 230, 232, 12 OBR 313, 314, 466 N.E.2d 875, 876.

In this case, the pain and suffering or mental anguish experienced by Radia and Sana Youssef were facts solely within the knowledge of Radia and Sana Youssef. Appellee implied in his memorandum in opposition to the motion for

fees that he disbelieved appellants' claimed injuries. We conclude that doubt regarding the credibility of two interested parties as to these facts is a good reason to believe that these issues were disputable and should be denied.

With regard to the request for admissions as to whether Radia and Sana Youssef sought medical treatment for injuries sustained in the accident, we find that the trial court correctly found that appellee had a good reason for failing to admit this fact. Appellee denied the request based on the emergency room reports which indicated that Radia was suffering from some myocardial problem rather than a chest wall contusion and Sana was able to "move about quite easily on the x-ray table." Therefore, we agree with the trial court that appellee had a good reason for believing that the issue of injuries was disputable and could justifiably deny the requests for admission relating thereto.

Appellants' last issue argued under the second assignment of error and their third assignment of error are interrelated and will be decided simultaneously. Appellants argue that they are entitled to recover their attorney fees and costs incurred in preparing to prove their negligence claim and defend against appellee's claimed defenses and counterclaims. Appellants rely on R.C. 2323.51(A)(2)(a) and (b) for the recovery of these expenses. Appellants also argue that they were entitled to a hearing on this issue pursuant to R.C. 2323.51(B).

R.C. 2323.51(B) provides that a party may request that a court award the moving party reasonable attorney fees for the opposing party's frivolous conduct which adversely affected the moving party. "Frivolous conduct" is defined as:

" 'Frivolous conduct' means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.51(A)(2)(a) and (b).

The statute directs the trial court to hold a hearing to determine whether there was any frivolous conduct, whether the moving party was adversely affected, and the amount of award, if any. R.C. 2323.51(B)(2). We interpret this statutory provision as being mandatory.

In the case before us, the court did not conduct such a hearing. Therefore, we find that this case must be remanded to the trial court for a hearing on this issue.

Accordingly, we find appellants' second assignment of error not well taken in part and well taken in part, as indicated above, and appellants' third assignment of error well taken.

Having found that substantial justice has not been done the parties complaining, the judgments of the Lucas County Court of Common Pleas are reversed. This cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

MELVIN L. RESNICK and SHERCK, JJ., concur.