SCHWARTZ, Appellant,

v.

GENERAL ACCIDENT INSURANCE OF AMERICA.

[Cite as *Schwartz v. Gen. Acc. Ins. of Am.* (1993), 91 Ohio App.3d 603.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920758.

Decided Nov. 17, 1993.

*Robert L. Schwartz*, pro se.

*Rendigs, Fry, Kiely & Dennis* and *Terrence M. Garrigan*, for appellee.

HILDEBRANDT, Presiding Judge.

Plaintiff-appellant Robert L. Schwartz appeals from the judgment of the Hamilton County Court of Common Pleas which granted the motion for sanctions filed by defendant-appellee General Accident Insurance of America. For the reasons that follow, we reverse the judgment of the trial court and remand this cause for further proceedings.

On August 6, 1991, appellant, an attorney licensed to practice in Ohio, filed a complaint against appellee in which he alleged that, unless restrained, appellee would interfere with appellant's professional relationship with one of his clients. Appellee filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6) on August 28, 1991. On September 5, 1991, appellant moved to convert the motion to dismiss to a motion for summary judgment. Appellant then filed discovery motions pursuant to Civ.R. 26, which prompted appellee to move for a protective order. Ultimately, appellant filed a Civ.R. 41(A) voluntary notice of dismissal on November 12, 1991.

On April 30, 1992, appellee filed a motion for sanctions against appellant pursuant to Civ.R. 11 and R.C. 2323.51. In support of its motion, appellee argued that appellant had filed a clearly frivolous complaint against it because the complaint did not state a valid claim under Ohio law. On September 11, 1992, the trial court sustained appellee's motion and assessed one thousand dollars in sanctions against appellant. However, the trial court did not indicate whether these sanctions were for costs or attorney fees, or whether these sanctions were imposed under Civ.R. 11 or R.C. 2323.51.

On appeal, appellant raises four assignments of error. In his first assignment of error, appellant argues that the trial court did not have jurisdiction

to award sanctions and attorney fees to appellee after appellant voluntarily dismissed his complaint against it. We find no merit in this assignment of error.

In *Zimmie v. Zimmie* (1984), 11 Ohio St.3d 94, 95, 11 OBR 396, 397, 464 N.E.2d 142, 144, the Supreme Court of Ohio held that a voluntary dismissal of a plaintiff's complaint "deprives the trial court of jurisdiction over the matter dismissed." The Supreme Court went on to state that after an action is voluntarily dismissed, it is "treated as if it had never been commenced." *Id.*

However, the United States Supreme Court has held that a voluntary dismissal of a complaint does not divest the trial court of jurisdiction to consider a motion for sanctions made pursuant to Fed.R.Civ.P. 11. *Cooter & Gell v. Hartmarx Corp.* (1990), 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359. In reaching this conclusion, the court reasoned as follows:

"Both Rule 41(a)(1) and Rule 11 are aimed at curbing abuses of the judicial system, and thus their policies, like their language, are completely compatible. Rule 41(a)(1) limits a litigant's power to dismiss actions, but allows one dismissal without prejudice. Rule 41(a)(1) does not codify any policy that the plaintiff's right to one free dismissal also secures the right to file baseless papers. The filing of complaints, papers, or other motions without taking the necessary care in their preparation is a separate abuse of the judicial system, subject to separate sanction. As noted above, a voluntary dismissal does not eliminate the Rule 11 violation. Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay. Even if the careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred. Therefore, a litigant who violates Rule 11 merits sanctions even after a dismissal. Moreover, the imposition of such sanctions on abusive litigants is useful to deter such misconduct. If a litigant could purge his violation of Rule 11 merely by taking a dismissal, he would lose all incentive to 'stop, think and investigate more carefully before serving and filing papers.' [Citation omitted.]" *Id.* at 397–398, 110 S.Ct. at 2457, 110 L.Ed.2d at 377.

In *Tarcai v. Kovach* (Feb. 3, 1992), Stark App. No. CA–8555, unreported, 1992 WL 29212, the appellate court held that a motion for attorney fees is collateral to and independent of the primary action and survives a voluntary dismissal of the primary action. The court reasoned that "[t]o hold otherwise * * * would completely defeat the purpose of Civ.R. 11, and could result in a party being put to considerable expense and frustration in defending an obvious [*sic*] frivolous lawsuit only to be forestalled by the plaintiff's dismissal at the eleventh hour, just before the trial court awards fees." *Id.*

In *Grossman v. Mathless & Mathless, C.P.A.* (1993), 85 Ohio App.3d 525, 620 N.E.2d 160, the Franklin County Court of Appeals cited *Cooter & Gell v. Hartmarx Corp., supra,* and held that a trial court retains jurisdiction in limited

circumstances to enter further orders following a plaintiff's voluntary dismissal under Civ.R. 41. Therefore, the appellate court reasoned, a trial court may act on properly filed motions pursuant to R.C. 2323.51 and Civ.R. 11 despite the plaintiff's voluntary dismissal of his complaint under Civ.R. 41. *Id.*

We find the reasoning of these courts persuasive. We, therefore, hold that a trial court does not lose jurisdiction to consider properly filed motions for sanctions pursuant to Civ.R. 11 and R.C. 2323.51 following the plaintiff's voluntary dismissal of the complaint under Civ.R. 41.[1] Accordingly, the trial court in this case retained jurisdiction to entertain appellee's motion for sanctions against appellant. Appellant's first assignment of error is overruled.

In his second assignment of error, appellant maintains that the trial court erred by awarding sanctions and attorney fees against the appellant without holding a hearing pursuant to R.C. 2323.51. In his fourth assignment of error, he contends that the trial court erred by assessing sanctions against him without giving him an opportunity to demonstrate that his conduct was not frivolous. We find these assignments of error to be well taken.

R.C. 2323.51(B)(1) provides that the court may award reasonable attorney fees to any party to an action adversely affected by frivolous conduct. However, an award of attorney fees under this section may only be ordered after the court sets a date for a hearing on the motion, gives notice of the date of the hearing, and conducts the hearing. R.C. 2323.51(B)(2). This statute "directs the trial court to hold a hearing to determine whether there was any frivolous conduct, whether the moving party was adversely affected, and the amount of the award, if any." *Youssef v. Jones* (1991), 77 Ohio App.3d 500, 510, 602 N.E.2d 1176, 1182–1183.

In contravention of R.C. 2323.51(B)(2), the trial court did not hold a hearing on appellee's motion for sanctions. Appellee argues that the trial court was not required to have a hearing on its motion because it also requested sanctions under Civ.R. 11.

Civ.R. 11 does not contain a provision mandating that a hearing be held prior to granting a motion for sanctions. However, R.C. 2323.51 mandates that a hearing be conducted prior to imposing sanctions against a party. The fact that appellee's motion for sanctions sought relief under both R.C. 2323.51 and Civ.R.

---

1. R.C. 2323.51(B)(1) provides that in a civil action, a trial court may award reasonable attorney fees to any party that is adversely affected by frivolous conduct at any time prior to the commencement of trial or within twenty-one days after the entry of judgment. Appellant has not raised the issue of whether appellee's motion for sanctions filed approximately five months after appellant voluntarily dismissed his complaint was timely filed. We, therefore, do not address this issue.

11 does not eliminate the need for a hearing under R.C. 2323.51. See *Shaffer v. Mease* (1991), 66 Ohio App.3d 400, 584 N.E.2d 77. We find this to be particularly true in this case where the judgment of the trial court does not indicate under what provision, R.C. 2323.51 or Civ.R. 11, sanctions were assessed against appellant. We, therefore, hold that the trial court erred in failing to conduct a hearing on appellee's motion for sanctions prior to ruling on the motion. Accordingly, appellant's second and fourth assignments of error are sustained.

In his third assignment of error, appellant argues that the trial court erred by failing to comply with his timely request for findings of fact and conclusions of law pursuant to Civ.R. 52. We overrule this assignment of error because there is no basis, in view of the absence of a hearing on appellee's motion for sanctions and our holding in response to the second and fourth assignments of error, for concluding that the refusal to issue findings of fact and conclusions of law constituted prejudicial error.

The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion and the law.

*Judgment reversed*
*and cause remanded.*

GORMAN and BETTMAN, JJ., concur.