JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Defendant-appellant Eugene Kotowski appeals the trial court's dismissal of his motion for sanctions against defendants-appellees Abdul Shaheed Jabbaar and Marlene G. Jabbaar. We find no merit to the appeal and affirm.
 {¶ 3} Following the Jabbaars' default on a loan secured by their mortgage, Federal Home Loan Mortgage ("FHL") filed a complaint for foreclosure in common pleas court on September 8, 1997. Kotowski, along with several other creditors, also had liens on the property and, therefore, were named as defendants in the foreclosure action. In response, Kotowski filed a counterclaim, cross-claim, and third-party claim arguing his lien had priority over the other creditors. He later dismissed all of his claims except for those against the Jabbaars.
 {¶ 4} Throughout the ensuing litigation, the Jabbaars filed for bankruptcy several times only to have the bankruptcy court dismiss their petition. This halted the proceedings in the foreclosure action.
 {¶ 5} On June 18, 2001, Credit Based Asset Servicing and Securitization, LLC, which was assigned the mortgage by FHL, moved to set aside the judgment and order of sale and to dismiss the foreclosure complaint without prejudice. The trial court granted the motion on June 27, 2001, but directed the remaining claimants to file a notice of intent to proceed with their claims within twenty days. On July 18, 2001, Kotowski filed a notice of intent to proceed against the Jabbaars.
 {¶ 6} On August 9, 2002, Kotowski voluntarily dismissed his claims against the Jabbaars without prejudice and, on August 15, 2002, filed a motion for sanctions against the Jabbaars, seeking $2,000 in attorney fees plus interest and costs.[1] Kotowski alleged in his motion that the Jabbaars engaged in frivolous conduct by filing three bankruptcy petitions, all of which were dismissed, in order to delay the foreclosure on the property.
 {¶ 7} On September 20, 2002, the trial court denied the motion for sanctions based on lack of jurisdiction stating, "The alleged abuse of the bankruptcy process by the filing of multiple Chapter 13 bankruptcies should be filed with the bankruptcy court."
 {¶ 8} Kotowski appeals and raises one assignment of error.
 {¶ 9} In his sole assignment of error, Kotowski argues that the trial court erred in dismissing his motion for sanctions based on lack of jurisdiction. We find no merit to this argument.
 {¶ 10} Bankruptcy Rule 9011(a) provides for an award of sanctions against an attorney or party who files pleadings or papers that are frivolous. The filing of bankruptcy petitions is a matter of exclusive federal jurisdiction. As the court explained in Gonzales v. Parks (C.A. 9, 1987), 830 F.2d 1033, a case factually similar to the case before us:
 {¶ 11} "State courts are not authorized to determine whether a person's claim for relief under a federal law, in a federal court, and within that court's exclusive jurisdiction, is an appropriate one. Such an exercise of authority would be inconsistent with and subvert the exclusive jurisdiction of the federal courts by allowing state courts to create their own standards as to when persons may properly seek relief in cases Congress has specifically precluded those courts from adjudicating. * * * The ability collaterally to attack bankruptcy petitions in the state courts would also threaten the uniformity of federal bankruptcy law, a uniformity required by the Constitution. U.S. Const. Art. I, § 8, cl. 4." Id. at 1035.
 {¶ 12} Furthermore, the exclusive jurisdiction of the federal court is further supported by the fact that Bankr. R. 9011 serves as a remedy in federal courts for creditors who claim the filing is frivolous. Id. at 1036.
 {¶ 13} Accordingly, we affirm the trial court's dismissal of Kotowski's motion for sanctions.
 {¶ 14} Kotowski's sole assignment of error is overruled.
 {¶ 15} Judgment is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J. and JAMES J. SWEENEY, J. concur.
[1] Despite the fact that Kotowski dismissed his claims against the Jabbaars, he could still pursue a claim for sanctions. Schwartz v. Gen.Acc. Ins. of Am. (1993), 91 Ohio App.3d 603, 606.