OPINION
{¶ 1} Pro se defendant-appellant Todd D. Harrison appeals a decision of the Dayton Municipal Court, which granted judgment in favor of plaintiff-appellee Progressive Casualty Insurance Company (hereinafter "Progressive") against Harrison in the amount of $3,414.26, plus interest and costs. The action was filed by Progressive and plaintiff-appellee Danielle Edwards as a subrogation claim for property damage arising out of Harrison's alleged act of firing a gun into Edward's motor vehicle.
 {¶ 2} Progressive filed its complaint against Harrison on July 22, 2004, and Harrison responded with his answer on December 30, 2004. Progressive filed a request for discovery on February 11, 2005, which contained requests for admissions. In light of Harrison's failure to file a complete set of answers to the request for admissions, Progressive filed a motion for summary judgment on March 24, 2005. On May 4, 2005, Harrison filed a cross-motion for summary judgment.[1] In an order and entry filed on October 14, 2005, the trial court overruled both parties' motions for summary judgment. Additionally, the trial court set the matter for trial and advised Harrison that "any request for admission if not properly responded to will be deemed admitted pursuant to the Rules of Civil Procedure."
 {¶ 3} On February 3, 2006, the matter was scheduled to proceed to trial. Before the trial began, however, the court found that Harrison failed to properly respond to Progressive's requests for admissions. Thus, all triable issues were deemed admitted, and judgment was granted in favor of Progressive and Edwards against Harrison in the amount of $3,414.26, plus interest and costs. It is from this judgment that Harrison now appeals.
 I {¶ 4} Because they are interrelated, Harrison's two assignments of error will be discussed simultaneously:
 {¶ 5} "THE JUDGEMENT [sic] RENDERED HEREIN WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE SUBMITTED AND CONTRARY TO LAW AND THEREFORE PREJUDICIAL TO APPELLANT BECAUSE A BACK SIDE OF THE ADMISSION SHEET WAS MISSING THROUGH THE FAULTS OF THE COURTS."
 {¶ 6} "THE ORDER RENDERED WITHIN THIS CASE IS NOT JUSTIFIED AND THAT OTHER CIRCUMSTANCES MAKE AN AWARD OF EXPENSES UNJUST AND PREJUDICIAL TO APPELLANT BECAUSE OF A CLERICAL ERROR ON BEHALF OF THE ADMISSION THAT ARE MISSING FROM COURT FILES."
 {¶ 7} In his first and second assignments of error, Harrison contends that the trial court abused its discretion when it found that he failed to file answers to appellee's requests for admissions and ordered that judgment be entered against Harrison for the full amount sought by appellees. In particular, Harrison argues that, through no fault of his own, the clerk of courts misplaced the full set of answers he attached to appellees' demand for discovery. Harrison asserts that he followed the civil rules with respect to discovery and that he responded in full to all of appellees' requests for admission and interrogatories. We disagree and hold that the record does not support Harrison's assertions in this regard.
 {¶ 8} Civ. R. 36(A) states in pertinent part:
 {¶ 9} "A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request that relate to statements or opinions of fact or of the application of law to fact * * *. The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof * * * the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter * * *."
 {¶ 10} "It is * * * settled law in Ohio that unanswered requests for admission render the matter requested conclusively established for the purpose of the suit." Cleveland Trust Co. v. Willis (1985),20 Ohio St.3d 66, 67, 485 N.E.2d 1052. Moreover, a motion for summary judgment may be based on such admitted matter. St. Paul Fire Marine Ins. Co. V.Battle (1975), 44 Ohio App.2d 261, 337 N.E.2d 806. "Failure to answer is not excused because the matters requested to be admitted are central or non-central to the case or must be proven by the requesting party at trial. See Youssef v. Jones (1991), 77 Ohio App.3d 500,602 N.E.2d 1176." Klesch v. Reid (1994), 95 Ohio App.3d 664, 674. "[W]here a party files a written request for admission, a failure of the opposing party to timely answer the request constitutes a conclusive admission pursuant to Civ. R. 36 and also satisfies the written answer requirement of Civ. R. 56(C) in the case of summary judgment." Id. at 675.
 {¶ 11} "The decision whether to admit or exclude evidence lies in the sound discretion of the trial court." State v. Carter, Summit App. No. 22444, 2005-Ohio-4362. We review the trial court's decision regarding the admission or exclusion of evidence under an abuse of discretion standard of review. Id. "An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling." Id. (Internal citations omitted ). "An abuse of discretion demonstrates `perversity of will, passion, prejudice, partiality, or moral delinquency.'" Id. We may not substitute our judgment for that of the trial court. Id.
 {¶ 12} Appellee's requests for admission are as follows:
 {¶ 13} "1. That on December 25, 2003, and at all times material herein, Plaintiff Progressive Casualty Insurance Company was the insurer, assignee and subrogee of Danielle D. Edwards."
 {¶ 14} "2. That on December 25, 2003, Danielle D. Edwards was the owner of a 2002 Chevrolet."
 {¶ 15} "3. That on December 25, 2003, Progressive Casualty Insurance Company insured the aforementioned 2002 Chevrolet against loss or damage."
 {¶ 16} "4. That on December 25, 2003, Defendant Todd Harrison negligently and/or intentionally damaged Plaintiffs insured's motor vehicle."
 {¶ 17} "5. That as a direct and proximate result of Defendant's negligent and/or intentional act, Plaintiffs insured sustained damage in the amount of $3,414.26."
 {¶ 18} "6. That Progressive Casualty Insurance Company paid to or on behalf of its insured the sum of $2,914.26."
 {¶ 19} "7. That Progressive Casualty Insurance Company became subrogated to the rights of its insured to the extent of its payment set forth in Request No. 6."
 {¶ 20} "8. That Plaintiff insured sustained a $500.00 loss as a result of the aforementioned accident."
 {¶ 21} "9. That the aforementioned damages were the direct and proximate result of the negligence of Defendant Todd Harrison."
 {¶ 22} "10. That Danielle D. Edwards was not comparatively negligent. If you do not admit this request, state the reasons upon which you base your denial."
 {¶ 23} In the instant matter, it is undisputed that although Harrison was provided with numerous opportunities to file a complete set of answers to appellees' requests for admission, he did not do so. Harrison provided answers to all of appellees' interrogatories. However, he only answered the first two of appellees' ten requests for admissions. From the record, it is clear that the trial court afforded Harrison every opportunity to file answers to the remaining requests for admission. At every turn, however, Harrison attempted to excuse his failure to provide the answers by citing his lack of legal experience.
 {¶ 24} Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants. Yocum v. Means (July 26, 2002), Darke App. No. 1576, 2002-Ohio-3803. A litigant proceeding pro se "cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter." Id. (Internal citations omitted.)
 {¶ 25} Further review of the record indicates that it was well within the discretion of the trial court to have granted appellees' motion for summary judgment in light of Harrison's failure to answer the remaining requests for admission. Still, the trial court provided Harrison with another opportunity to present his responses to the requests when it overruled appellees' summary judgment motion and set the matter for trial. When the trial began, Harrison still had not provided the sought after discovery, and the trial court ordered judgment in favor of appellees on that basis. Even on the day of trial, Harrison had made no attempt to provide the answers to appellees' requests for admission. If the final eight requests for admission are deemed admitted, Harrison clearly became liable to appellees for the their loss. The trial court had no other option before it but to grant appellees' motion and find Harrison liable for the amount sought after in the complaint.
 {¶ 26} On appeal, Harrison now contends that the clerk of courts lost the answers to the remaining requests for admission that he provided to the appellees. However, Harrison has not attached said answers to his appellate brief. Logic would dictate in this instance that if such responses existed, he would have attached the proper documentation to his brief in a demonstration of good faith. The existence of the responses would offer some support to his assertions that the responses to the request for admissions were actually mishandled by the clerk. Without such evidence before us, we can only conclude that the responses were never filed as the clerks records indicate, and the trial court did not abuse its discretion when it found that the unanswered requests for admission were deemed admitted, and thus, "rendered] the matter requested conclusively established for the purpose of the suit." Although he was provided with multiple opportunities to correct this mistake, Harrison has repeatedly failed to follow the clear and unequivocal language in Civ. R. 36(A).
 {¶ 27} Lastly, Harrison argues that appellees are not entitled to expenses as a result of the requests for admission being deemed admitted after his failure to provide any responses. In support of this assertion, Harrison cites Itskin v. Restaurant Food Supply Co. (1982),7 Ohio App.3d 127, 454 N.E.2d 583, for the proposition that "under Civ. R. 37(C), a party proving [a] matter which the adverse party has failed to admit upon request to do so under Civ. R. 36 is entitled to the expenses incurred in the matter, including reasonable attorney fees, unless the adverse party demonstrates either that: 1) the request for admissions was objectionable under Civ. R. 36(A); 2) there was a good reason for the failure to admit; or 3) the matter was of no substantial importance."
 {¶ 28} Other than citing the holding of the above case, Harrison has failed to demonstrate how any of the three prongs set forth inItskin, supra, apply to the instant matter. Harrison has provided no evidence that the requests for admission were in any way objectionable. Further, Harrison has not demonstrated that the subject of the requests were not directly at issue in the case. Most importantly, Harrison has clearly not demonstrated that he had a bona fide reason for failing to provide responses to the requests for admission. In his brief, Harrison contends that he fully complied with discovery and that the answers he provided were not incomplete. The record in this matter undermines Harrison's assertions and clearly demonstrates that he provided incomplete answers to appellees' requests for admission without any valid excuse. Thus, appellees are entitled to expenses.
 {¶ 29} Harrison's first and second assignments of error are overruled.
 II {¶ 30} Both of Harrison's assignments of error having been overruled, the judgment of the trial court is affirmed.
BROGAN, J. and GRADY, J., concur.
[1] Due to his admitted inability to locate legal counsel to represent him, Harrison acted as his own counsel during the trial phase in this matter. Harrison is also acting pro se on appeal.