DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellants, Cynthia and Michael Maurer, appeal the decision of the Summit County Court of Common Pleas, which denied their motion for costs. This Court affirms.
 I. {¶ 2} The underlying litigation arose out of an automobile accident involving appellee, Jason Boyd, and Mrs. Maurer. On November 4, 2004, Mr. and Mrs. Maurer filed a complaint alleging that Mr. Boyd's negligence resulted in a motor vehicle collision in which Mrs. Maurer sustained injuries. *Page 2 
 {¶ 3} Mr. Boyd denied both causation and liability in his answers to the Maurers' request for admissions. He also testified in his deposition that he was proceeding through a green light at the time the accident occurred. Sherita Swift, the front seat passenger in Mr. Boyd's vehicle, also testified that Mr. Boyd had the green light. Mr. Boyd continued to deny any negligence on his part until the day of trial. When it was apparent that Mr. Boyd was not going to be present for the trial, his counsel conceded liability, and the matter proceeded on the issue of damages. The jury returned a verdict in favor of Mr. and Mrs. Maurer, and the trial court issued judgment in favor of Mr. and Mrs. Maurer in an entry dated July 21, 2006. On August 3, 2006, Mr. and Mrs. Maurer filed a motion for costs, in which they sought attorney fees pursuant to Civ.R. 37(C). The trial court denied the motion for costs, and Mr. and Mrs. Maurer timely appealed to this Court, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN DENYING PLAINTIFFS' MOTION FOR COSTS[.]"
 {¶ 4} In their sole assignment of error, the Maurers argue that the trial court erred in denying their motion for costs pursuant to Civ.R. 37(C). Specifically, Mr. and Mrs. Maurer argue that Mr. Boyd's failure to admit liability throughout the litigation of this matter only to concede liability on the day of trial *Page 3 
entitled them to an award of reasonable attorney fees under Civ.R. 37(C). This Court disagrees.
 "A party may deny a request for admissions, but, upon motion pursuant to Civ.R. 37(C), improper denials may subject the responding party to sanctions. Whether such denials are subject to Civ.R. 37(C) sanctions depends upon whether the proof at trial contradicts the denial. If the matters denied are proved at trial, then a court shall award sanctions `[u]nless the request had been held objectionable under Rule 36(A) or the court finds that there was good reason for the failure to admit or that the admission sought was of no substantial importance * * *.' Civ.R. 37(C). See Itskin v. Restaurant Food Supply Co. (1982), 7 Ohio App.3d 127. The party denying a later-proved matter has the burden of proving one of these defenses." Salem Med. Arts Dev. Corp. v. Columbiana Cty. Bd. of Revision (1998), 82 Ohio St.3d 193, 195-196.
 {¶ 5} The decision to impose sanctions is left to the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. Millis Transfer, Inc. v. Z Z Distrib. Co. (1991),76 Ohio App.3d 628, 602 N.E.2d 766. In order to find an abuse of discretion, this Court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} Mr. and Mrs. Maurer argue that Mr. Boyd's continuing denial of liability without good reason caused them to retain legal counsel to prepare for trial. Therefore, the Maurers maintain that the trial court erred in denying their motion for costs resulting from the legal fees incurred as a result of Mr. Boyd's denial of liability. *Page 4 
 {¶ 7} Civ.R. 36(A) provides in pertinent part as follows:
 "A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ. R. 26(B) set forth in the request, that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party. * * *
 "Each matter of which an admission is requested shall be separately set forth. The party to whom the requests for admissions have been directed shall quote each request for admission immediately preceding the corresponding answer or objection. The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his or her answer, or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that he or she has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Civ. R. 37(C), deny the matter or set forth reasons why the party cannot admit or deny it." *Page 5 
 {¶ 8} As a sanction for failing to admit the genuineness of any document or the truth of any matter proven at trial, Civ.R. 37(C) provides as follows:
 "If a party, after being served with a request for admission under Rule 36, fails to admit the genuineness of any documents or the truth of any matter as requested, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. Unless the request had been held objectionable under Rule 36(A) or the court finds that there was good reason for the failure to admit or that the admission sought was of no substantial importance, the order shall be made."
 {¶ 9} In Youssef v. Jones (1991), 77 Ohio App.3d 500, 509, the Sixth District noted that:
 "Regarding requests for admissions, it is irrelevant that the matters requested to be admitted are central to the case or must be proven by the requesting party at trial. The function of Civ.R. 36(A) is to narrow the issues for trial to genuinely disputed issues. Therefore, unless the responding party objects to the request, the request must be answered. When the responding party justifiably believes that the matter requested to be admitted is a disputable issue, the responding party's only option is to deny the matter on that basis. Even if the requesting party is then able to prove the matter requested to be admitted, the responding party should not be charged for the cost of proving that issue under Civ.R. 37(C) since his denial based on a belief that the matter was disputable was a good reason for not admitting the matter." (Internal citations and paragraph break omitted.)
 {¶ 10} In the present matter, Mr. and Mrs. Maurer requested that Mr. Boyd admit to liability for the accident in which Mrs. Maurer was injured. Mr. Boyd denied both liability and causation in his response to the Maurers' requests for admissions. Mr. Boyd also testified through deposition that he was traveling *Page 6 
through a green light at the time the accident occurred. Sherita Swift, a passenger in Mr. Boyd's vehicle at the time of the accident, corroborated his testimony in her deposition. Mr. Boyd continued to deny liability until the day of trial. Given Mr. Boyd's and Mrs. Swift's deposition testimony, Mr. Boyd's attorney had a good faith belief in the denial of liability. It was not until his client failed to appear for trial that Mr. Boyd's attorney conceded his liability.
 {¶ 11} After reviewing the record, this Court finds that the exercise of discretion by the trial court was neither unreasonable, arbitrary, nor unconscionable. Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91. The trial court could have properly concluded that Mr. Boyd was justified in believing that whether he or Mrs. Maurer had a green light at the time the collision occurred was a disputable issue. Appellants' assignment of error is overruled.
 III. {¶ 12} Mr. and Mrs. Maurers' assignment of error is overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into *Page 7 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
MOORE, J., BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1