DECISION AND JOURNAL ENTRY
{¶ 1} Appellant-defendant, Thomas R. Wisener, appeals from the judgment of the Summit County Court of Common Pleas entering judgment against him in the amount of $50,284.23. We reverse and remand for further proceedings.
 I. {¶ 2} Appellee-plaintiff, Kathleen D. Powell, filed a complaint for breach of contract against Appellant on March 6, 2003. Appellant filed an answer to the complaint on April 7, 2003. On January 23, 2004, the trial court was informed that Appellant had not been in contact with his trial attorney for several months and had not responded to any of Appellee's discovery requests. The trial court canceled the scheduled trial and ordered the parties to submit an agreed judgment entry on January 26, 2004. Instead, Appellant's trial counsel informed the court on January 26 that Appellant was ready to proceed to trial. The trial court then determined that Appellant was in default of defending the case in a timely manner and set a hearing for damages only for February 17, 2004. At the hearing, the trial court determined that Appellee was entitled to $50,284.24. Appellant timely appealed the default judgment, raising two assignments of error.
 II. ASSIGNMENT OF ERROR NUMBER ONE
"The trial court erred as a matter of law, by entering a default judgment against appellant."
 {¶ 3} As an initial matter, this Court notes that Appellee failed to file an appellate brief in the instant appeal. Therefore, "[p]ursuant to App.R. 18(C), this Court may accept the Appellant's statement of the facts and issues as presented in Appellant's brief as correct and reverse the judgment of the trial court if [A]ppellant's brief reasonably appears to sustain such action." Bank of New York v. Smith, 9th Dist. No. 21534, 2003-Ohio-4633, at ¶ 2.
 {¶ 4} Appellant argues that the trial court erred as a matter of law by entering default judgment in the instant case. We agree.
 {¶ 5} Civ.R. 55(A) provides:
"Entry of judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."
 {¶ 6} A default judgment arises when the defendant fails to contest the allegations contained in the complaint. Ohio ValleyRadiology Associates, Inc. v. Ohio Valley Hospital Association
(1986), 28 Ohio St.3d 118, 121. In the instant case, Appellant had filed a responsive pleading, an answer, contesting the allegations of Appellee's complaint. As such, it was error to grant default judgment. Office of Disciplinary Counsel v.Jackson (1998), 81 Ohio St.3d 308, 311.
 {¶ 7} We also note that Civ.R. 37(B)(2)(c) allows for default judgment to be entered for failure to comply with a discovery order. As noted, Appellant had not responded to Appellee's discovery requests. However, as no motion to compel discovery was filed in the trial court and no order compelling discovery was ever entered, the trial court lacked the authority to impose the sanctions contained in Civ.R. 37(B). Sexton v.Sugar Creek Packing Co. (Dec. 11, 1973), 10th Dist. No. 73AP-279, 38 Ohio App.2d 32, 36.
 {¶ 8} Accordingly, the trial court erred in granting default judgment in favor of Appellee. Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR NUMBER TWO
"The trial court erred, as a matter of law by not providing appellant with a jury trial."
 {¶ 9} Based upon our finding that Appellant's first assignment of error has merit, Appellant's second assignment of error is moot.
 III. {¶ 10} Appellant's first assignment of error is sustained. As such, Appellant's remaining assignment of error is rendered moot. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Batchelder, J., concurs.
Carr, P.J., concurs in judgment only.