[Cite as *Wrinch v. Miller*, 2011-Ohio-5891.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| CHARITY WRINCH | C.A. No. 25562 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID MILLER, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No. CV 2006-03-1521 |

DECISION AND JOURNAL ENTRY

Dated: November 16, 2011

BELFANCE, Presiding Judge.

{¶1} Appellant Charity Wrinch and her counsel Brian Williams (collectively "Appellants") appeal the judgment of the Summit County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

{¶2} The facts of the instant matter have been previously summarized by this Court in a prior appeal, and their complete restatement here is unnecessary for the resolution of this matter. See *Wrinch v. Miller*, 183 Ohio App.3d 445, 2009-Ohio-3862, at ¶¶2-14.

{¶3} In the prior appeal, this Court reversed a portion of the trial court's judgment and remanded the "matter to the trial court to determine the reasonableness of the fees requested [by Appellees David and Keville Miller] pursuant to Prof.Cond.R. 1.5(a) and to determine the appropriate award of attorney fees" expended defending [Ms.] Wrinch's frivolous claim for

return of the security deposit. Id. at ¶61. Upon remand, the trial court awarded Mr. and Ms. Miller $8950.00 in attorney fees pursuant to R.C. 2323.51.

{¶4} Also, in the prior appeal, this Court determined that "[t]he trial court erred in failing to grant the directed verdict on [Mr. and Ms. Miller's malicious prosecution counter]claim." Id. at ¶22. Upon remand to the trial court, Appellants filed a motion for attorney fees pursuant to R.C. 2323.51, asserting that Mr. and Ms. Miller's malicious prosecution counterclaim was frivolous. The trial court concluded that the counterclaim was frivolous and awarded Appellants $2101.00 in attorney fees. Appellants have appealed, raising two assignments of error for our review; both concern the award of attorney fees.

II.

AWARD OF ATTORNEY FEES PURSUANT TO R.C. 2323.51

{¶5} The Ohio Supreme Court recently discussed R.C. 2323.51 in *State ex rel. Striker v. Cline*, Slip Opinion No. 2011-Ohio-5350. "'R.C. 2323.51 provides for an award of attorney fees to a party harmed by "frivolous conduct" in a civil action.'" Id. at ¶10, quoting *Moss v. Bush,* 105 Ohio St.3d 458, 2005-Ohio-2419, fn. 3. "The General Assembly vests the decision whether to award sanctions, including an award of reasonable attorney fees, in the court." Id. Thus, "[w]e will not reverse a lower court's decision on whether to award sanctions under R.C. 2323.51 absent an abuse of discretion." Id. at ¶11. To demonstrate an abuse of discretion, Appellants must establish that the trial court's award was "unreasonable, arbitrary, or unconscionable." Id. "The burden of establishing that a party incurred reasonable attorney fees because of the opposing party's frivolous conduct falls upon the moving party." (Internal quotations and citation omitted.) *Jefferson v. Creveling*, 9th Dist. No. 24206, 2009-Ohio-1214, at ¶33.

**{¶6}** Pursuant to R.C. 2323.51(B):

"(1) The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct, as provided in division (B)(4) of this section.

"(2) An award may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action or an appeal of the type described in that division or on the court's own initiative, but only after the court does all of the following:

"(a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;

"(b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party who allegedly was adversely affected by frivolous conduct;

"(c) Conducts the hearing described in division (B)(2)(a) of this section in accordance with this division, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct involved was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made. * * *

"(3) The amount of an award made pursuant to division (B)(1) of this section that represents reasonable attorney's fees shall not exceed, and may be equal to or less than, whichever of the following is applicable:

"(a) If the party is being represented on a contingent fee basis, an amount that corresponds to reasonable fees that would have been charged for legal services had the party been represented on an hourly fee basis or another basis other than a contingent fee basis;

"(b) In all situations other than that described in division (B)(3)(a) of this section, the attorney's fees that were reasonably incurred by a party.

"(4) An award made pursuant to division (B)(1) of this section may be made against a party, the party's counsel of record, or both."

**{¶7}** In determining the reasonableness of the attorney fees, the factors contained in the Ohio Rules of Professional Conduct should be considered. *Jefferson* at ¶33. These factors include:

> "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; (8) whether the fee is fixed or contingent." Ohio Rules of Professional Conduct 1.5.

Thus, the court is charged with awarding fees that are reasonable in amount and that were incurred as a result of the frivolous conduct. See *Cline* at ¶25 ("[B]ecause the reasonable attorney fees incurred as a result of Striker's frivolous assertions were $3,503, the court of appeals did not abuse its discretion in awarding the clerk that amount under R.C. 2323.51(B)(1).").

## ASSIGNMENT OF ERROR I

> "The trial court's award of attorney fees in the amount of [$]8950 to Appellees' counsel was erroneous, [prejudicial], and lacking a sufficient evidentiary predicate."

**{¶8}** Appellants assert in their first assignment of error that the trial court erred in awarding $8950.00, the amount the Millers requested, in attorney fees pursuant to R.C. 2323.51 for defending against Ms. Wrinch's frivolous security deposit claim.

**{¶9}** First, Appellants argue that there was no evidence adduced at the hearing that the Millers were adversely affected by the frivolous conduct, as required by R.C. 2323.51(B)(2)(a)/(c). While the statute does provide that the trial court should conduct the hearing and make such a determination, R.C. 2323.51(B)(2)(a)/(c), during the prior appeal, this

Court remanded the R.C. 2323.51 issue to the trial court solely for the determination of an "appropriate award of attorney fees[.]" *Wrinch* at ¶61. Thus, it is clear this Court already concluded that the conduct was frivolous and the Millers had been adversely affected by it. R.C. 2323.51(B)(2)(a)/(c).

{¶10} Next, Appellants contend that the Millers failed to establish at the hearing that the fee they requested, and received, was reasonable. Essentially, Appellants assert that the 44.75 hours Appellees claim they spent were not "reasonable or necessary to defend just the [frivolous] security deposit claim."

{¶11} The hearing on attorney fees was a combined hearing concerning fees sought by Appellees in connection with the frivolous security deposit claim and fees sought by Appellants in connection with the frivolous malicious prosecution counterclaim. Neither Mr. Williams, nor Mr. Turowski, the Millers' counsel, testified at the hearing. In support of Appellees' motion for attorney fees, Appellees presented a detailed exhibit describing the time Appellees' counsel spent on the case. One column listed the total hours spent on a particular service and the second column listed the portion of time spent defending the frivolous security deposit claim with respect to the particular service. In addition, Appellees presented the testimony of an expert witness who is a practicing attorney with over fifteen years of experience. The expert testified that he had reviewed the entire file, the exhibit, this Court's prior opinion, and had discussions with Appellees' counsel, Mr. Turowski about how the time was apportioned for each itemized service. It was clear from the testimony that the expert relied upon Mr. Turowski's representation as to the amount of time he attributed to defending the security deposit claim and the expert did not independently attempt to determine what portion of each service was attributable to the defense of the frivolous claim. In so doing, the expert concluded that 44.75

hours were spent in defending the frivolous claim. In addition, the expert testified that Mr. Turowski's hourly rate of $200 per hour was a reasonable to low rate. Ultimately, after considering all of the above, along with the factors found in the Ohio Rules of Professional Conduct, the expert determined that $8950.00 (amounting to 44.75 hours of work at $200 per hour) was a reasonable fee which was incurred as a result of the frivolous conduct.

{¶12} After independently reviewing the evidence, this Court cannot say that the trial court's award of $8950 was arbitrary, unreasonable, or unconscionable. Accordingly, we overrule Appellants' first assignment of error.

## ASSIGNMENT OF ERROR II

"A clear abuse of discretion and misapplication of the standard for awarding attorney fees was committed by the trial court in its award of attorney fees to Appellant's counsel."[1]

{¶13} Appellants essentially assert in their second assignment of error that they should have been awarded the amount of attorney fees pursuant to R.C. 2323.51 that they requested in their motion, namely $21,926.74.

{¶14} The trial court concluded that Appellants met their initial burden to establish that Appellees' counterclaim for malicious prosecution was frivolous. This finding has not been challenged on appeal. However, the trial court also found that Appellants failed to meet their burden to establish that they were entitled to $21,926.74 in attorney fees. While the trial court agreed that Mr. Williams' hourly fee of $220 was reasonable, a finding supported by the record,

---

[1] Despite Appellants' assertion that the trial court applied the wrong standard in assessing the award of attorney fees pursuant to R.C. 2323.51, the trial court complied with this Court's specific remand; our determinations in the prior appeal were not appealed by either side. We are thus not persuaded by Appellants' argument.

the trial court was not persuaded that Appellants' evidence established that 99.667 hours were spent defending the frivolous counterclaim.

{¶15} In support of their motion for attorney fees, Appellants submitted Mr. Williams' affidavit averring that he attributed 50% of the time spent on pretrial and trial matters, 100% of the time spent on the motion for judgment notwithstanding the verdict and the motion for sanctions, and two-thirds of the time spent on the appeal defending against the frivolous counterclaim. Attached to his affidavit was a summary statement listing what he had done and the amount of time he attributed to defending the frivolous counterclaim. At the hearing, an expert with thirty years of experience as a practicing attorney and Ms. Wrinch testified for the Appellants. The Appellants' expert conducted a review of Mr. Williams' file and prior appeal and described a process very similar to that employed by Appellees' expert in assessing the reasonableness of the fees. Similarly, neither expert had personal knowledge of the attorneys' actual allocation of time and instead relied upon the attorneys' representation as to how much time was spent on their respective frivolous conduct matters. Appellants also submitted a billing statement as an exhibit that contains a general summary of work performed defending against the frivolous counterclaim from April 24, 2006, to October 2, 2009, which amounted to $21,926.74 (99.667 hours at $220 per hour). Finally, following the conclusion of the first part of the hearing, Mr. Williams submitted a supplemental affidavit which attempted to explain his apportionment. In his supplemental affidavit, Mr. Williams averred that he based his allocation of time the way he did because the claim at issue was "the most serious and involved the most work."

{¶16} Whereas Mr. Turowski examined each billable service item and delineated the portion attributable to the frivolous conduct matter, Mr. Williams broadly concluded that 50% of

the pretrial and trial work, all of the time associated with the motion for judgment notwithstanding the verdict and the motion for sanctions, and two-thirds of the time connected with the appeal was attributable to defending the frivolous counterclaim. In the end, the expert testified that, based upon the information received from Mr. Williams, almost 100 hours out of a total of 150 hours were expended in defending against a single frivolous counterclaim, despite the fact that the case involved multiple claims and multiple counterclaims. Overall, it is clear that the trial court was not persuaded that Appellants' evidence established an entitlement to the amount of fees Appellants sought. Part of that determination appears to have been based upon the trial court's assessment of credibility and its concern with the manner in which Mr. Williams apportioned his time. Although the trial court certainly had discretion to award a greater amount of fees, after independently reviewing the record, we cannot say that the trial court acted unreasonably.

{¶17} As the trial court was not satisfied with the apportionment of Mr. Williams' time as presented by the expert, the time sheets, and the affidavits, the trial court was faced with having to determine a reasonable award in light of what it believed was inadequate evidence. Thus, the trial court attempted to award Appellants the amount of fees which were incurred as a result of the pursuit of sanctions related to the frivolous counterclaim: $2101.00. While it is true that such an award represents only a fraction of the amount that Appellants' requested, in light of the evidence presented, we cannot say that the award was unreasonable, arbitrary, or unconscionable. Accordingly, we overrule Appellants' second assignment of error.

III.

{¶18} In light of the foregoing, we affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR

APPEARANCES:

BRIAN J. WILLIAMS, Attorney at Law, for Appellant.

KENNETH L. TUROWSKI, Attorney at Law, for Appellees.