[Cite as *Fuline v. Green*, 2012-Ohio-2749.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

AMY R. FULINE, et al.

    Appellees

    v.

NATHAN R. GREEN

    Appellant

C.A. Nos.     25704
               25936

APPEAL FROM JUDGMENT
ENTERED IN THE
BARBERTON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    08 CVE 1938

DECISION AND JOURNAL ENTRY

Dated: June 20, 2012

MOORE, Judge.

**{¶1}** Nathan Green has appealed the ruling of the Barberton Municipal Court dated November 2, 2010. Amy and Michael Fuline have appealed the ruling of the Barberton Municipal Court dated December 9, 2010. For the reasons set forth below we affirm the trial court's judgment of December 9, 2010, and we reverse the judgment dated November 2, 2010 and remand this matter for further proceedings consistent with this opinion.

I.

**{¶2}** In 2007, Nathan Green and Amy Fuline were involved in a low-speed motor vehicle collision. Mr. Green conceded his fault in rear-ending Ms. Fuline's vehicle. At the time of the collision, Green carried an automotive insurance policy with Allstate.

**{¶3}** On August 5, 2008, Ms. Fuline and her husband brought suit against Green. During discovery, the Fulines filed requests for admissions pursuant to Civ.R. 36. Green admitted some matters and denied some matters. After a jury trial, the jury returned a verdict in

favor of Ms. Fuline in the amount of $7,131.31. Thereafter, the Fulines filed a motion for prejudgment interest and issued certain discovery requests. Green filed motions for protective orders to prevent discovery. The issue of prejudgment interest was settled by "concession." Subsequently, the Fulines sought attorney fees pursuant to Civ.R. 37(C), arguing that Green did not properly respond to discovery under Civ.R. 36. In its journal entry dated November 2, 2010, the trial court granted the Fulines' request, and awarded $5,022.84 in attorney fees. Green appealed the decision of the trial court in case number 25704.

{¶4} On the same date that Green filed his notice of appeal, the Fulines filed a motion for sanctions pursuant R.C. 2323.51, contending that the defense engaged in certain frivolous conduct. The trial court denied this motion in its journal entry dated December 9, 2010. The Fulines appealed the denial of this request, and this Court dismissed the appeal for lack of a final appealable order, as certain issues remained unresolved. After the trial court issued a subsequent order resolving the remaining issues, the Fulines filed a notice of appeal in case number 25936. This Court consolidated the cases.

II.

Case No. 25704

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING ATTORNEY FEES TO THE FULINES.

{¶5} In his assignment of error, Green argues that the trial court erred in awarding the Fulines sanctions pursuant to Civ.R. 37. We agree.

{¶6} The decision to impose sanctions pursuant to Civ.R. 37 is within the discretion of the trial court, and this Court will not reverse the trial court's decision absent an abuse of discretion. *Maurer v. Boyd*, 9th Dist. No. 23818, 2008-Ohio-1384, ¶ 5, citing *Millis Transfer,*

*Inc. v. Z & Z Distrib. Co.*, 76 Ohio App.3d 628 (6th Dist.1991). However, whether the trial court correctly applied the law to the facts of a case presents a question of law, which we review de novo. *Young v. Young*, 9th Dist. No. 09CA0067, 2010-Ohio-3658, ¶ 17.

**{¶7}** Civ.R. 37(C) provides,

> If a party, after being served with a request for admission under Rule 36, fails to admit the genuineness of any documents or the truth of any matter as requested, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. Unless the request had been held objectionable under Rule 36(A) or the court finds that there was good reason for the failure to admit or that the admission sought was of no substantial importance, the order shall be made.

**{¶8}** Therefore, where a party has denied a request for admission, but the proof at trial contradicts the denial, the court must award sanctions upon a Civ.R. 37 motion "unless the request had been held objectionable under Civ.R. 36(A) or the court finds that there was good reason for the failure to admit or that the admission sought was of no substantial importance * * *." *Salem Med. Arts & Dev. Corp. v. Columbiana Cty. Bd. of Revision*, 82 Ohio St.3d 193, 195-196 (1998), quoting Civ.R. 37(C). Therefore, the denying party "runs no risk of sanctions * * * if the matter is genuinely 'in issue,' since Civ.R. 37(C) precludes sanctions when there is 'good reason' for the failure to admit." *Salem Med. Arts*, 82 Ohio St.3d at 196; *see also Maurer*, 2008-Ohio-1384, at ¶ 9, quoting *Youssef v. Jones*, 77 Ohio App.3d 500, 509 (6th Dist.1991).

**{¶9}** Here, the Fulines contended that Green improperly denied nine requests for admissions, for which seven of these he offered a general denial. After hearing, the trial court determined that "a general denial did not conform to the rule when [Green] failed to present any evidence to justify the denial[.]" The trial court determined that the Fulines were entitled to attorney fees in the amount of $5,022.84.

{¶10} However, the rule does not require the denying party "to present * * * evidence to justify the denial" of a request for admission. Instead, if the matter denied is later proven, the rule requires an order of reasonable attorney fees incurred in proving the issue, unless (1) the request was held objectionable, (2) there was good reason for the denial, or (3) the issue was not of substantial importance. Civ.R. 37(C), and *Salem Med. Arts*, 82 Ohio St.3d at 196.

{¶11} Accordingly, we sustain Green's assignment of error and remand this case for further consideration on the Civ.R. 37 motion. The trial court will need to review the requests for admissions in light of what the Fulines eventually proved. If the Fulines proved matters denied by Green, the trial court "will then need to consider whether each matter denied was genuinely in issue, using an objective standard of reasonableness" or whether the issues denied were not of substantial importance. *Salem Med. Arts*, 82 Ohio St.3d at 196.

Case No. 25936

{¶12} We note that, on June 3, 2011, Green filed with this Court a motion to dismiss the Fulines' appeal, arguing that they are attempting to appeal a judgment entry to which they had agreed. We denied Green's motion, but indicated that we may revisit this issue upon rendering a decision. Upon review of the record, we cannot agree that the Fulines consented to the trial court's denial of their motion for sanctions. Accordingly, we reaffirm our previous decision denying Green's motion.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [THE] FULINE[S'] MOTION FOR SANCTIONS FOR FRIVOLOUS CONDUCT.

{¶13} In their assignment of error, the Fulines contend that the trial court erred by denying their motion for sanctions pursuant to R.C. 2323.51(B)(1). We disagree.

{¶14} R.C. 2323.51(B)(1) provides in part, "at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." R.C. 2323.51(A)(2)(a) defines "frivolous conduct," as conduct by a party to the civil action or the party's counsel of record which "obviously serves merely to harass or maliciously injure another party to the civil action," or "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law."

{¶15} An award of sanctions under R.C. 2323.51 is discretionary, and the trial court's decision will not be reversed absent an abuse of discretion. *See Wrinch v. Miller*, 9th Dist. No. 25562, 2011-Ohio-5891, ¶ 5. An "abuse of discretion" connotes that the trial court's decision was "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶16} Here, we note that the Fulines moved for sanctions against Allstate and its retained counsel. Although Allstate insured the defendant, and defense counsel may have been hired by Allstate to represent Green, Allstate was not a party to this action. However, it is apparent from the motion for sanctions that the Fulines were in actuality alleging frivolous conduct on the part of Green's defense counsel. On appeal, the Fulines argue that their motion for sanctions should have been granted because the defense engaged in frivolous conduct regarding discovery requests pertinent to prejudgment interest and regarding the filing of a motion for judgment notwithstanding the verdict. We will examine these issues separately.

Prejudgment Interest

{¶17} On June 15, 2010, the Fulines filed a motion seeking prejudgment interest, arguing that Green did not make a good faith effort to settle the case. The Fulines then requested Allstate's insurance claim file through a request for production of documents directed to Green and through a notice of deposition served upon the claims adjuster at Allstate. In response, Green filed a motion for a protective order, arguing that the claims file was not discoverable and that the claims adjuster was not properly served with a subpoena. The Fulines then attempted to serve the claims adjuster with a subpoena duces tecum requiring her to produce the claims file and filed a return of service for the subpoena. Green filed an additional motion for a protective order, incorporating his previous motion for a protective order and arguing that the adjuster created the file to assist in the defense of the lawsuit pursuant to Civ.R. 26(C) and that she had not been served with the subpoena.

{¶18} At a hearing on the pending motions held on October 12, 2010, the parties advised the trial court that the issue of prejudgment interest had been resolved, and the motions pertaining to the prejudgment interest discovery were moot. However, on November 24, 2010, the Fulines filed a motion for sanctions, arguing that the law was clear that the claims file was discoverable, and Green's motions for a protective order were not warranted under existing law or supported by a good faith argument for an extension, modification, or reversal of existing law, and thus amounted to frivolous conduct.

{¶19} Based upon the parties' agreement that the matter of discoverability of the claims file and proper service of the subpoena was moot, the parties did not address the merits of these arguments at the October 12, 2010 hearing on pending motions, and the parties advanced no

evidence in support of their positions on these issues. Neither did the trial court articulate an analysis of these issues in its entry; rather the court summarily denied the motion for sanctions.

{¶20} A nonparty need not appear in a matter absent a properly served subpoena. *See State ex re. The V. Cos. v. Marshal*, 81 Ohio St.3d 467, 469 (1998). Both of Green's motions for a protective order argue that the Allstate claims adjuster had not been properly served with a subpoena. In his first motion for a protective order filed in response to the notice of deposition, Green argued that "[t]he deponent is a nonparty witness who has not been served with a subpoena. This court has not acquired personal jurisdiction over the witness, and the deposition has been noticed to occur at the office of the plaintiff's lawyer, which is outside the territorial jurisdiction of this court." In his second motion for a protective order filed in response to the subpoena duces tecum issued to the claims adjuster, in regard to service of the subpoena, Green argued only that the claims adjuster had "not been served with any subpoena." As the parties had previously agreed that this issue was moot, we cannot discern from the record the respects in which Green claimed that service of the subpoena had not been perfected. Accordingly, we cannot say that any such argument was frivolous. Therefore, to the extent that the Fulines' motion for sanctions was based upon Green's conduct defending against discovery of the claims file from the claims adjuster, we cannot say that the trial court abused its discretion in denying the motion for sanctions. To the extent that the Fulines rely on this argument in support of their assignment of error, it is overruled.

Motion for Judgment Notwithstanding the Verdict

{¶21} On June 18, 2010, Green filed a motion for judgment notwithstanding the verdict, requesting the trial court to reduce the judgment based upon an alleged subrogation claim and requesting that costs be taxed to Mr. Fuline. In regard to the subrogation claim, Green requested

the trial court to reduce the verdict by $2,048.31, representing the amount of Ms. Fuline's medical bills that were paid by Medical Mutual of Ohio. Green argued that paying this amount to Ms. Fuline would result in a windfall to her and expose Green to potential liability to Medical Mutual for disregarding a known subrogation claim. Green argued that the Fulines had provided proof of the subrogation claim at trial.

{¶22} In one of the Fulines' trial exhibits, the Fulines represented that Medical Mutual had paid $2,048.31 toward the medical bills at issue. During the trial, Ms. Fuline testified that the subrogation provision in her contract with Medical Mutual would require her to repay those medical bills from any money recouped by her from the party at fault. Despite the evidence as to subrogation, the Fulines responded that Green was not put on formal notice of a subrogation lien, and thus he was required to submit the full judgment amount to Ms. Fuline. However, at the October 12, 2010 hearing, counsel for the Fulines indicated that the motion for judgment notwithstanding the verdict was moot. Thereafter, in their motion for sanctions, the Fulines argued that Green's filing of the motion for judgment notwithstanding the verdict constituted frivolous conduct because it was based upon a nonexistent subrogation lien. The trial court denied the motion for sanctions without hearing. Therefore, the record was undeveloped as to any existing subrogation claim or lien. Clearly, the trial court was in the best position to observe the conduct of the parties during the proceedings in order to determine whether the filing of Green's motion for judgment notwithstanding the verdict was frivolous. *See Wrinch*, 2011-Ohio-5891, at ¶ 5. Under the facts of this case, we cannot say that the trial court's denial of the motion for sanctions was an abuse of discretion insofar as sanctions were requested based upon the filing of the motion for judgment notwithstanding the verdict on the issue of subrogation.

**{¶23}** To the extent that the Fulines argue that the trial court should have sanctioned the defense due to its alleged frivolous conduct in arguing that Mr. Fuline should be taxed the costs of the action, this argument was not raised in the Fulines' motion for sanctions. Therefore, we will not address this argument for the first time on appeal. *See State v. Allen*, 9th Dist. No. 25349, 2012-Ohio-249, ¶ 29. Accordingly, to the extent that the Fulines argue that the trial court should have imposed sanctions upon the defense for its conduct in filing the motion for judgment notwithstanding the verdict, the Fulines' assignment of error is overruled.

## III.

**{¶24}** Accordingly, Green's assignment of error as set forth in Case No. 25704 is sustained. The Fulines' assignment of error as set forth in Case No. 25936 is overruled. The trial court's judgment of November 2, 2010 is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion. The trial court's judgment of December 9, 2010 is affirmed.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Amy and Michael Fuline.

_____
CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

ADAM E. CARR, Attorney at Law, for Appellant.

STEPHEN P. GRIFFIN and MICHAEL J. KAHLENBERG, Attorneys at Law, for Appellees.