[Cite as *Rogers v. Credit Acceptance Corp.*, 2013-Ohio-1097.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

TONJA V. ROGERS

    Appellee

    v.

CREDIT ACCEPTANCE CORP, et al.

    Appellant

C.A. No.      11CA010141

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    07CV154056

DECISION AND JOURNAL ENTRY

Dated: March 25, 2013

BELFANCE, Presiding Judge.

{¶1} Credit Acceptance Corporation appeals the trial court's denial of its motion to stay proceedings pending arbitration and to compel arbitration. For the reasons set forth below, we reverse.

I.

{¶2} On December 10, 2007, Tonja Rogers filed a complaint against Credit Acceptance, alleging violations of the Ohio Retail Installment Sales Act and Consumer Sales Practice Act and seeking to be a class representative in the suit against Credit Acceptance.[1] The case was removed to federal court but was subsequently remanded. Following the remand, Credit Acceptance filed a "Motion to Dismiss or in the Alternative to Compel Arbitration and Stay All Proceedings Against [It]" ("Motion to Arbitrate"). The trial court ordered the parties to conduct discovery in relation to the arbitration agreement and set a briefing schedule. During

---

[1] Ms. Rogers' complaint also named two other defendants, but she voluntarily dismissed them prior to this appeal.

discovery, Credit Acceptance produced an account log documenting the history of Ms. Rogers' account. However, Credit Acceptance failed to provide explanations for the many acronyms used in the log, making it difficult to understand. Twelve days before Ms. Rogers' brief in response to the Motion to Arbitrate was due, she filed a motion to set a new briefing schedule and to reschedule the hearing on the Motion to Arbitrate, explaining that she was still waiting for Credit Acceptance to provide translations of the acronyms.

**{¶3}** The case had no activity for two years before the trial court granted Ms. Rogers' motion. On September 7, 2011, it issued a journal entry ordering Credit Acceptance to "promptly provide to [Ms. Rogers'] counsel an understandable and comprehensive translation of [the log.]" Fifty days after the trial court issued its order, Credit Acceptance had not provided the translation. Accordingly, Ms. Rogers moved for the trial court to sanction Credit Acceptance for failing to promptly provide the translation. In her motion, Ms. Rogers asked the trial court to deny Credit Acceptance's Motion to Arbitrate as a sanction. After Ms. Rogers moved for sanctions, Credit Acceptance submitted a translation of the log. The trial court ruled on Ms. Rogers' motion and found that Credit Acceptance had failed to comply with its order to promptly provide the translation. It determined that a proportionate sanction would be to grant Ms. Rogers' motion and deny the Motion to Arbitrate.

**{¶4}** Credit Acceptance has appealed, raising a single assignment of error for review.

II.

JURISDICTION

**{¶5}** We initially address Ms. Rogers' challenge to this Court's jurisdiction. She argues, that, while the trial court denied Credit Acceptance's Motion to Arbitrate, which would typically render the order final and appealable pursuant to R.C. 2711.02(C), it did so as a

discovery sanction and, therefore, Credit Acceptance has not appealed from a final, appealable order.

{¶6} R.C. 2711.02 provides, in pertinent part:

(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

(C) * * * an order under division (B) of this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.

R.C. 2711.02(C) requires the order to be "an order under [R.C. 2711.02(B)] that grants or denies a stay of a trial of any action pending arbitration[]" before becoming final. The issue before us is whether the trial court's order, which in effect denied Credit Acceptance's motion to stay, albeit as a sanction, falls within the purview of the statute. In examining the language employed by the General Assembly, it is evident that the reference to "including, but not limited to[]" is designed to make the provision inclusive rather than limited. *See* R.C. 2711.02(C). Here, Ms. Rogers filed a motion styled as "PLAINTIFF'S MOTION FOR AN ORDER DENYING DEFENDANTS' ARBITRATION MOTION[.]" In its order, the trial court indicated that "Plaintiff's motion is hereby GRANTED." In other words, it granted Ms. Rogers request to *deny* Credit Acceptance's Motion for Arbitration, and, thus, when it granted Ms. Rogers motion, it in effect denied Credit Acceptance's Motion for Arbitration. It is evident the trial court's reason for granting Ms. Rogers' motion was to sanction Credit Acceptance's failure to timely provide information relative to the issue of enforceability of the arbitration clause. However, we are not

convinced that the trial court's basis for granting the request to deny the motion for arbitration alters the result. Given the inclusive nature of R.C. 2711.02(C), we conclude that the trial court's order is a final, appealable order under the statute because it effectively denied Credit Acceptance's motion to arbitrate when it granted Ms. Rogers' motion to deny Credit Acceptance's Motion for Arbitration. Accordingly, we conclude that we have jurisdiction of this appeal pursuant to R.C. 2711.02(C).

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY DENYING DEFENDANTS' ARBITRATION MOTION AS A SANCTION FOR CREDIT ACCEPTANCE'S ALLEGED DELAY IN PRODUCING THE TRANSLATED ACCOUNT LOG "PROMPTLY" AS REQUIRED BY PRIOR DISCOVERY ORDER.

{¶7} Credit Acceptance argues that the trial court erred in denying its motion to compel arbitration as a discovery sanction because it had complied with the court's order. It also argues that, even if its behavior violated the court's order, the sanction was disproportionate to the violation.

{¶8} This Court reviews a trial court's decision to impose sanctions for an abuse of discretion. *Fuline v. Green*, 9th Dist. Nos. 25704 & 25936, 2012-Ohio-2749, ¶ 6. An abuse of discretion implies that the trial court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). We will not "disturb the judgment of the trial court unless the degree of the sanction is disproportionate to the seriousness of the infraction under the facts of the case." (Internal quotations and citations omitted.) *Morgan Adhesives Co. Inc. v. Datchuk*, 9th Dist. No. 19920, 2001 WL 7383, *3 (Jan. 3, 2001). Factors to consider when determining whether a sanction is proportionate to the seriousness of the infraction include the following:

the history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate.

(Internal quotations and citations omitted.) *Id.*

**{¶9}** We initially note that it is not clear that the trial court can refuse to enforce an arbitration clause as a sanction for a discovery violation although there is statutory language that arguably allows for such action. *See* R.C. 2711.02(B) ("* * * provided the applicant for the stay is not in default in proceeding with arbitration"). Neither party has directed this Court to any authority on this point, nor has our own research uncovered any in Ohio. *But see Georgia Cash Am., Inc. v. Strong*, 286 Ga.App. 405, 405 (2007) (upholding a trial court's decision to strike the defendants' arbitration defenses as a sanction for a discovery violation). However, we do not need to resolve this question because we conclude that, even assuming the trial court could issue such a sanction, the sanction was inappropriate in this case absent further inquiry as to all the facts and circumstances.[2]

**{¶10}** Before a court may sanction a party for a discovery violation, the court must have issued an order to compel discovery, and, thus, we begin by looking at the trial court's order. *See Powell v. Wisener*, 9th Dist. No. 22023, 2004-Ohio-4459, ¶ 7 ("[A]s no motion to compel discovery was filed in the trial court and no order compelling discovery was ever entered, the

---

[2] Ideally, in the face of an ambiguous order, the trial court would hold a hearing to allow the party allegedly in violation to set forth its interpretation of the language of the order as well as facts and circumstances that would have been unknown to the court affecting the party's ability to comply with the order. A hearing would also allow the trial court to assess credibility and to properly determine whether a party's noncompliance was a result of willfulness or bad faith.

trial court lacked the authority to impose the sanctions contained in Civ.R. 37(B).").   On September 7, 2011, more than two years after Ms. Rogers filed her "Motion to Reset Briefing Schedule and Hearing[,]" the trial court granted her motion and also ordered that "[Credit Acceptance] shall promptly provide to [Ms. Rogers'] counsel an understandable and comprehensive translation of Defendants' documents * * *."   The trial court also ordered Ms. Rogers to inform the court when she received the translation, required Ms. Rogers file a response to Credit Acceptance's motion to stay proceedings and compel arbitration five weeks after receiving the translation, and declared that it would set a date for a hearing after the time for Credit Acceptance to file a reply brief had expired.   Notably absent from the trial court's order is a specific deadline for Credit Acceptance to complete the translation.   Furthermore, every deadline in the order was contingent on whatever date Ms. Rogers received the translation.   As such, no hearing date was set for the Motion to Arbitrate.   The only indication in the order of when the translation needed to be completed and provided to Ms. Rogers was the word "promptly[.]"

{¶11}   We acknowledge that a trial court has broad discretion in managing discovery issues and determining appropriate sanctions.   Nevertheless, a court must look at many factors when determining whether a certain sanction is appropriate.   *See Datchuk*, 2001 WL 7383, at *3. In light of the unique trajectory of this case, we cannot say that the trial court's imposition of sanctions absent a hearing or some further inquiry into all of the facts and circumstances was reasonable.   First, the matter had been pending in the court for several years, when the trial court issued its order on September 7, 2011.   Up to that point, Ms. Rogers had merely sought an order extending the deadline for submission of a brief in opposition.   Credit Acceptance opposed Ms. Rogers' motion, arguing that the log was irrelevant.   Upon issuing the September 7, 2011 order,

the trial court did not provide a date certain for compliance but rather directed Credit Acceptance to "promptly" provide the log. Unfortunately, the absence of a date certain created inherent ambiguity in the order. Moreover, the trial court's entry did not employ language indicating some urgency for immediate compliance. In fact, the order did not set any specific deadlines; rather, it made every deadline relative to the date Credit Acceptance furnished the translation to Ms. Rogers. In essence, absent a specific compliance date, or use of stronger language such as "immediately," the word "promptly" was in the eye of the beholder.

{¶12} In addition, prior to the trial court's issuance of its September 7, 2011 order, a motion to compel had not been filed. Instead, as noted above, Ms. Rogers merely requested the court reset the briefing schedule and the hearing on Credit Acceptance's motion to compel arbitration. By its very nature, a motion to compel acts as notice to the nonmoving party that sanctions could result, and a trial court's order granting a motion to compel would contain some indication that consequences will follow if the discovery is not provided. However, in this case, Credit Acceptance did not have that preliminary warning. Instead, the September 7, 2011 order forming the basis of the sanction was the trial court's ruling upon a motion to extend time for briefing. This order was more akin to a pretrial order than an order to compel. Noticeably absent was any warning of the potential consequences of failing to "promptly" provide the translation log. Thus, when Ms. Rogers complained after 50 days that the log had not been provided, given the circumstances and the inherent ambiguity in the order, the trial court should have conducted further inquiry prior to imposing sanctions. In so doing, the trial court could have been fully apprised of all of the facts and circumstances leading up to Credit Acceptance's eventual provision of the log. We emphasize that we express no opinion as to the propriety or extent of sanctions that may be imposed upon further inquiry by the trial court; rather, we hold

that, prior to imposing any sanctions under the circumstances presented in this case, the trial court must conduct a full inquiry.

{¶13} Accordingly, for the reasons set forth above, Credit Acceptance's assignment of error is sustained.

## III.

{¶14} Credit Acceptance's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, J.
DISSENTING.

{¶151} I respectfully dissent. I disagree with the majority that the matter must be remanded to the trial court for further inquiry into the issue of sanctions. I would merely reverse the trial court's judgment which effectively denied Credit Acceptance Corporation's motion to stay proceedings and compel arbitration. Moreover, I do not agree with the majority opinion that the statutory language may arguably authorize such a sanction.

APPEARANCES:

JAMES OH, RUSSELL KORNBLUT, and GREGGORY ELZEY, Attorneys at Law, for Appellant.

THOMAS THEADO, Attorney at Law, for Appellee.

JACK MALICKI, Attorney at Law, for Appellee.

DUSTIN L. LEWIS, Attorney at Law, for Appellee.