[Cite as *In re B.I.W.*, 2018-Ohio-4545.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

IN RE: B.I.W.

C.A. No. 18AP0028

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No. 2017 JUV-G 000683

DECISION AND JOURNAL ENTRY

Dated: November 13, 2018

TEODOSIO, Judge.

{¶1} Appellant Father appeals the judgment of the Wayne County Court of Common Pleas, Juvenile Division, that denied his motion for a reallocation of parental rights and responsibilities. Because the juvenile court erred in its application of the law to the facts, the judgment is reversed and remanded.

I.

{¶2} Mother and Father are the biological parents of B.I.W. (d.o.b. 12/14/06). The parents were never married. Although the precise custodial history of the child is unclear, there is no dispute that an order was issued in September 2009, establishing parental rights and responsibilities for the child. Mother was designated as the primary residential parent, while Father received the standard order of companionship. In June 2017, Father filed a motion to reallocate parental rights and responsibilities, and a request for a hearing. The matter was heard by the magistrate.

**{¶3}** At the conclusion of the hearing, the magistrate issued a decision denying Father's motion for reallocation of parental rights and responsibilities. Father filed timely objections. Mother did not file a response. The juvenile court overruled Father's objections after "[h]aving conducted an independent review of the record in this matter, and finding no error of law or other defect in the magistrate's decision[.]" The juvenile court thereafter denied Father's motion for reallocation of parental rights and responsibilities, retained B.I.W. in Mother's legal custody, and ordered that the current child support and visitation orders would remain the same. Father filed a timely appeal in which he raises four assignments of error for review. As Father consolidated his assignments of error for discussion, this Court does the same.

## II.

**{¶4}** As a preliminary matter, this Court expresses its concern regarding the attachment by Father's attorney of an unredacted copy of the report of the guardian ad litem to Father's appellate brief. Significantly, counsel represented Father both in the juvenile court and on appeal. Our concern arises as follows.

**{¶5}** The juvenile court appointed a guardian ad litem to represent the best interest of the child below. After investigating the circumstances of the child and her family for a couple months, the guardian ad litem filed a request that the magistrate maintain a portion of her report under seal to prevent both parents and the child's stepmother from seeing the sealed portion. The guardian ad litem asserted that the sealing was necessary to allow the child to be forthcoming without fear of reprisal, specifically by Mother. In the event that the request was denied, the guardian requested that the magistrate conduct an in camera interview with B.I.W. The magistrate later issued an order granting the guardian's request to seal a portion of her report.

{¶6}    Approximately three weeks before the hearing on Father's motion, the guardian ad litem filed her report, which contained strong cautionary language reiterating the need to prevent Mother, Father, and the stepmother from having access to a specific three-page portion of the report in the best interest of the physical and emotional safety of the child.  At the hearing, Father's attorney elicited testimony clarifying that Father was not aware of the information in the guardian's report.  Only Father's attorney had read the report.  Moreover, even though Mother represented herself pro se in the proceedings below, she was not granted access even to the guardian's redacted report until after the hearing.

{¶7}    When the guardian ad litem testified, Father's attorney questioned her at length about her desire to keep her report sealed to protect the child from retaliation by Mother.  Later, Father's attorney was careful not to inquire of the guardian regarding the child's wishes in the interest of preserving the ordered confidentiality.  Instead, Father's attorney merely asked the guardian ad litem whether she had considered the child's wishes in making her recommendation to designate Father as the residential parent, to which the guardian responded that she had.  At the conclusion of the guardian's testimony, the magistrate engaged in a lengthy discussion with the guardian, Father's attorney, and Mother pro se regarding the submission of the report of the guardian ad litem as an exhibit.  Ultimately, the magistrate ordered: "I am going to seal pages three, four, and five, the rest of the report will be admitted and assessable (sic) as every other guardian ad litem report."  Finally, at the conclusion of the hearing, the magistrate gave effect to his order, informing the parties, "[L]astly, here is the guardian ad litem report and I will take the three pages out and separate them."

{¶8}    Notwithstanding the trial court's sealing of pages three, four, and five of the guardian's report; counsel's recognition of the significant reasons for the sealing below; the

additional cautionary language in the report itself; and the express limitations set forth in Ninth District Local Rule 7(B)(10)(a)(i)-(v) regarding the contents of the appendix to an appellant's brief, counsel appended an unredacted copy of the guardian's report to Father's appellate brief. Moreover, counsel served Mother and filed the brief with appendix with the clerk of courts, thereby making the unredacted report of the guardian ad litem a matter of public record.[1] In the interest of the fair and efficient dispensing of justice, as well as the best interest of children involved in custodial disputes, attorneys, as officers of the court, must be mindful of the requirement to comply with both the orders of the appellate and trial courts and the established rules of procedure.

## III.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN FINDING THERE WAS "NO EVIDENCE TO SUPPORT A FINDING OF FATHER'S REQUESTED MODIFICATION IS NECESSARY TO SERVE THE BEST INTEREST OF THE CHILD."

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DETERMINING THAT MOTHER'S BEHAVIOR WITH THE CHILD, WHICH INCLUDED EMOTIONAL AND VERBAL ABUSE, PRESENTED "NO EVIDENCE OF A MENTAL OR PHYSICAL HEALTH ISSUE."

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN FINDING, AS A MATTER OF LAW, THAT THE MOVANT, FATHER, HAD NOT DEMONSTRATED THAT A MODIFICATION OF THE EXISTING ORDERS ALLOCATING PARENTAL RIGHTS AND RESPONSIBILITIES WAS NOT NECESSARY IN THE BEST INTEREST OF THE MINOR CHILD.

---

[1] Upon review of the record and realization of the specious nature of counsel's action, this Court's administrator contacted the Wayne County Clerk of Court who has since denied public access to the guardian's report appended to Father's brief.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT'S DETERMINATION, REFUSING TO MODIFY THE
EXISTING ORDERS ALLOCATING PARENTAL RIGHTS AND
RESPONSIBILITIES, IS CONTRARY TO THE MANIFEST WEIGHT OF THE
EVIDENCE AND CONTRARY TO LAW.

{¶9} Father argues that the juvenile court erred in its consideration of his motion to reallocate parental rights and responsibilities. This Court agrees.

{¶10} Initially, this Court notes that appellee Mother has failed to file an appellee's brief. Accordingly, we "may accept appellant[ Father]'s statement of the facts and issues as correct and reverse the judgment if [Father's] brief reasonably appears to sustain such action." App.R. 18(C).

{¶11} While this Court generally reviews the trial court's action with respect to a magistrate's decision for an abuse of discretion, we do so with reference to the nature of the underlying matter. *In re I.R.*, 9th Dist. Summit No. 27775, 2016-Ohio-2919, ¶ 8, citing *Fields v. Cloyd*, 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9, and *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. Given the broad discretion accorded to trial courts in allocating parental rights and responsibilities, this Court will not reverse a trial court's custody determination absent an abuse of discretion. *Oberlin v. Oberlin*, 9th Dist. Summit No. 25864, 2011-Ohio-6245, ¶ 7, citing *Graves v. Graves*, 9th Dist. Medina No. 3242-M, 2002-Ohio-3740, ¶ 31, and *Baxter v. Baxter*, 9th Dist. Lorain No. 10CA009927, 2011-Ohio-4034, ¶ 6. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Even so, when this Court must determine whether the trial court has correctly applied the law in a given case, we review such questions of law de novo. *Fuline v. Green*, 9th

Dist. Summit Nos. 25704 and 25936, 2012-Ohio-2749, ¶ 6, citing *Young v. Young*, 9th Dist. Wayne No. 09CA0067, 2010-Ohio-3658, ¶ 17.

{¶12} This Court is cognizant of the parameters of our review that "'[a]ny claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision.'" *Young*, at ¶ 17, quoting *Mealey v. Mealey*, 9th Dist. Wayne No. 95CA0093, 1996 Ohio App. LEXIS 1828, *6 (May 8, 1996). In this case, however, the juvenile court set forth no independent analysis. Instead, it overruled Father's objections and denied Father's motion for a reallocation of parental rights and responsibilities upon its "finding no error of law or other defect in the magistrate's decision." Accordingly, we are compelled to construe the actions of the juvenile court as those of the magistrate whose application of the law to the facts and whose reasoning the juvenile court adopted in full.

{¶13} In the absence of an agreement by the parties, before the trial court may reallocate parental rights and responsibilities, it must find (1) a change in the circumstances of the child or the residential parent, (2) that the reallocation is necessary to serve the best interest of the child, and (3) that the advantages of the change in the child's environment outweigh any likely harm caused by the change. R.C. 3109.04(E)(1)(a)(iii). In determining the best interest of the child, the trial court must consider the following non-exhaustive list of statutory factors:

(a) The wishes of the child's parents regarding the child's care;

(b) If the court has interviewed the child in chambers * * * regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d) The child's adjustment to the child's home, school, and community;

(e) The mental and physical health of all persons involved in the situation;

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of [domestic violence] or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.

R.C. 3109.04(F)(1).

{¶14} In this case, in making its threshold determination regarding a change in circumstances, the juvenile court relied on a fact (Mother's recent move to another home) which occurred after Father filed his motion for reallocation of parental rights and responsibilities. While asserting that it should not have considered the fact given the timing of its occurrence in relation to Father's motion, the juvenile court nevertheless blithely decided to "proceed to the next step of analysis." Without deciding whether or not the juvenile court could consider facts that occurred after Father filed his motion, this Court concludes that the juvenile court

misapplied the law when it relied exclusively on a fact in support of a threshold issue, which the trial court expressly indicated it could not properly consider. To hold otherwise would be to sanction a trial court's disregard of law and procedure and impugn the integrity of the American legal system.

{¶15} Next, in considering whether a reallocation of parental rights and responsibilities was necessary to serve the best interest of the child, the juvenile court egregiously disregarded much of the evidence and found that "there is *no* evidence to support" a modification of custody in the child's best interest. (Emphasis added.) It is unclear whether the juvenile court might have granted Father's motion had it found "some" evidence. Under these circumstances, the juvenile court crafted and applied an erroneous burden of proof.

{¶16} Moreover, it is unclear how the juvenile court found "no evidence" to support Father's motion to reallocate parental rights and responsibilities given the grave concerns expressed by the guardian ad litem. Juv.R. 40(D)(4)(d) requires the juvenile court, when ruling on objections, to "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." In the interest of safeguarding the child by not disclosing information sealed from the public, we decline to elaborate here on the guardian's concerns. We note only that the guardian illuminated serious and substantiated concerns for the child's well-being. Under these circumstances, this Court concludes that the juvenile court failed to conduct the required independent review of the record when ruling on Father's objections. For the above reasons, Father's assignments of error are sustained.

IV.

{¶17} Father's assignments of error are sustained. The judgment of the Wayne County Court of Common Pleas, Juvenile Division, is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

MICHAEL J. ASH and LON VINION, Attorneys at Law, for Appellant.

C.M.W., pro se, Appellee.